**VAN BARG, Appellee,**

v.

**DIXON TICONDEROGA COMPANY, Appellant.**

[Cite as *Van Barg v. Dixon Ticonderoga Co.*, 152 Ohio App.3d 668, 2003-Ohio-2531.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–02–028.

Decided May 16, 2003.

Scott Van Barg, pro se.

Evelyn P. Schonberg and Jonathan T. Stender, for appellant.

---

KNEPPER, Judge.

{¶ 1} This is an appeal from the judgment of the Sandusky Municipal Court, Small Claims Division, wherein the trial court awarded appellee, Scott Van Barg, judgment in the amount of $2,512, plus interest and costs, against appellant, Dixon Ticonderoga Company ("Dixon"). For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Appellee sued Dixon on November 14, 2001, asserting that Dixon failed to pay him for earned vacation time. Appellee worked for Dixon from 1980 until November 10, 2000. Appellee sought payment from Dixon for 20 days' vacation time accrued during 1999, at a rate of $15.70 per hour, totaling $2,512. Pursuant to Dixon's Employee Handbook, effective January 1, 1999, vacation time accrued based on the employee's length of service and on the time worked during the preceding calendar year. Additionally, Dixon's policy stated that "vacations are not cumulative and normally must be taken in the vacation year immediately following the year in which they are accrued."

{¶ 3} In November 1999, Dixon apparently changed its vacation policy, effective January 1, 2000, to require employees to claim their vacation time during the year in which it accrued. In July 2000, appellee signed a written acknowledgment that he had received the November 1999 revision. Dixon, however, failed to include the November 1999 revision in the record for our review. Upon appellee's resignation in 2000, relying on the alleged 1999 policy revision, Dixon paid appellee for vacation time that accrued during 2000, but refused to pay appellee for his 1999 vacation time.

{¶ 4} The trial court awarded appellee $2,512. The trial court found that there was no evidence that the 1999 revision would divest appellee of his accrued 1999 vacation pay or that appellee was notified that he would be forfeiting his 1999 vacation pay by continuing his employment in 2000 under the terms of the alleged 1999 vacation policy revision.

{¶ 5} Dixon appeals from the decision of the trial court and presents the following sole assignment of error:

{¶ 6} "The trial court erred in granting judgment to plaintiff-appellee, where the judgment was contrary to law and against the manifest weight of the evidence."

{¶ 7} Appellee was an at-will employee. Dixon asserts that in an at-will relationship, the terms and conditions of employment may be prospectively changed without consideration. According to Dixon, "the terms, conditions, and policies of which that employment relationship was comprised were at all times subject to suspension, modification, or elimination by Dixon." As such, Dixon argues that the 1999 revision "in essence became part of a newly formed at-will relationship between the parties, thereby superseding the previous policy." Dixon further argues that there was no express or implied agreement that appellee would be paid pursuant to the old policy and that the employee handbook did not create a contractual obligation or property interest.

{¶ 8} Dixon asserts that it revised its vacation policy provision in November 1999, effective January 1, 2000. We, however, find that there is no evidence in the record of a revised vacation policy. Accordingly, pursuant to the vacation policy that was in effect during 1999, we find that appellee was entitled to payment in 2000 for the vacation time which he accrued during 1999.

{¶ 9} Assuming arguendo that a revised vacation policy existed, we nevertheless find Dixon's arguments not well taken. Dixon was certainly entitled to change its vacation policy for prospective application without consideration. See *Nichols v. Waterfield Fin. Corp.* (1989), 62 Ohio App.3d 717, 719, 577 N.E.2d 422. We find, however, that Dixon's attempted application of the alleged 1999 revision to appellee's 1999 accrued vacation time is a retrospective application, rather than prospective. Operating under the existing policy in 1999, appellee worked during 1999 and accrued 20 days of vacation time, which he expected to use or be paid for in 2000. As such, at the time the alleged November 1999 revision came into effect, appellee had already earned and was entitled to his 1999 vacation time. As the trial court aptly noted, although appellee acknowledged receipt of the alleged November 1999 policy revision, Dixon failed to prove that appellee was aware that he would be relinquishing his accrued 1999 vacation pay by continuing his employment in 2000 under the revised policy. Accordingly, we find that there is no lawful basis for Dixon to deprive appellee of the compensation to which he was already entitled at the time the alleged policy change came into effect.

{¶ 10} We therefore find that appellee is entitled to judgment as a matter of law and that the trial court's decision was not against the manifest weight of the evidence. Dixon's sole assignment of error is found not well taken.

{¶ 11} On consideration whereof, the court finds that substantial justice has been done the party complaining and that the judgment of the Sandusky

Municipal Court, Small Claims Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.

Judgment affirmed.

JUDITH ANN LANZINGER and ARLENE SINGER, JJ., concur.