JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Andrew Korsnak appeals from the order of the Cleveland Municipal Court that granted summary judgment to defendant CRL, Inc. d.b.a. Crowles Tool Co. ("CRL") in plaintiff's action for vacation pay. For the reasons set forth below, we reverse.
 {¶ 2} On January 2, 2002, plaintiff filed this action against CRL and alleged that CRL breached the terms of its employment agreement with him by failing to pay him for vacation which he had earned at the time of his termination. Plaintiff further alleged that defendants were unjustly enriched in the amount of $2,740, that defendants were liable under a theory of promissory estoppel, and that he was entitled to liquidated damages and attorney fees under R.C. 4113.15.
 {¶ 3} Defendant denied liability and asserted that the vacation pay at issue did not constitute "wages" under R.C.4113.15.
 {¶ 4} In December 13, 2002, defendant moved for summary judgment. Defendant presented evidence that on December 3, 2000, CRL informed its employees that it was shutting down at the end of the year. All employees who were not members of the union, such as plaintiff, were paid for any accrued but unused vacation time which they were eligible to use through December 31, 2000. CRL's evidence further demonstrated that plaintiff was seeking pay for the three weeks vacation which he earned in 2000 but could not use until 2001. Defendant maintained that plaintiff was not entitled to be paid for these vacation days since the plant was no longer open when he would have been eligible to take use these days. Defendant also asserted that a letter written by one of its managers to plaintiff did not constitute an employment agreement, and was insufficient to create a binding obligation. Finally, CRL argued that this dispute did not concern "wages" under R.C. 4113.15.
 {¶ 5} In opposition, plaintiff asserted that, regardless of when he was eligible to use the vacation time, he earned it prior to his termination, and was therefore entitled to compensation. He further maintained that vacation pay is a fringe benefit under R.C. 4113.15(D)(2), and that defendant was a trustee of these funds after they were earned.
 {¶ 6} The trial court determined that the parties had no employment contract, that plaintiff was not entitled to vacation pay for vacation days that were to be used in 2001, and that plaintiff failed to establish a violation of R.C. 4113.15.
 {¶ 7} Plaintiff now appeals and assigns two interrelated errors for our review. For the sake of convenience, we shall address the errors out of their predesignated order.
 {¶ 8} Plaintiff's second assignment of error states:
 {¶ 9} "The trial court committed reversible error when it failed to construe all evidence most strongly in favor of appellant, the non-moving party."
 {¶ 10} Within this assignment of error, plaintiff asserts that the trial court erred in failing to determine that he had already earned the disputed vacation benefits at the time of his termination, though they would have been used in 2001, and erred in failing to award him compensation. We agree.
 {¶ 11} We employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 12} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367,369-70, 1998-Ohio-389, 696 N.E.2d 201.
 {¶ 13} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197.
 {¶ 14} In Shuler v. USA Tire, Inc. (June 17, 1991), Butler App. No. CA90-08-171, the court held that the key issue is the accrual or the earning of the benefit, not the time when it would have been taken. The Court stated:
 {¶ 15} "Once the four weeks accrue, an employer must pay a discharged employee for any vacation time that the employee has yet to take."
 {¶ 16} Likewise, in McDonald v. Ohio Packaging Corp. Co.
(May 16, 1988), Stark App. No. 7390, the court affirmed the trial court's holding that the employee was entitled to be paid for the unused portion of his vacation. Construing the employment contract in favor of the employee, the court noted that the contract did not limit the employee's right to accrue his vacation wages, or to be compensated for the unused paid vacation benefits upon termination of employment.
 {¶ 17} Likewise, in Berry v. Creative Label (Dec. 31, 1985), Portage App. No. 1570, the employees accrued vacation benefits on a pro rata basis but could not take their vacation days due to plant closing. In rejecting the employer's claim that employment on the anniversary date is a condition precedent to entitlement of vacation benefits, the court noted that employees were entitled to vacation pay on a pro rata basis and the employer's unilateral cessation of local operations prevented the employees from obtaining their anniversary date and scheduling the remaining two weeks of his vacation.
 {¶ 18} Similarly, the Fifth District Court of Appeals has also concluded that vacation pay is an earned benefit, such that the employee was entitled to the accrued hours on termination. The Court stated:
 {¶ 19} "Vacation pay is not a gift or gratuity, but rather a deferred payment of an earned benefit. It seems * * * [that the employer] can no more withhold the accrued vacation pay than, for example, it could hold the last pay check the employee had earned but not received." Straughn v. Dillard Dept. Store (Mar. 4, 1996), Stark App. No. 95CA0294.
 {¶ 20} In this instance, the CRL handbook provided in relevant part as follows:
 {¶ 21} "VACATION
 {¶ 22} "* * * During your initial year of employment, you will earn vacation at the rate of .42 days each full month to be taken the following year.
 {¶ 23} "* * * Vacation time may not be carried over to the following year. * * * *.
 {¶ 24} This language clearly indicates that vacation days are accrued monthly and the employee is entitled to them on a pro rata basis, i.e., for each month earned. Although the days are to be used in the following year, they have nonetheless beenearned prior to this point. Moreover, nothing in the handbook prevents the employee from being paid for these days after termination of employment. Accord Braucher v. Allied Truck PartsCo., Stark App. No. 2002CA00278, 2003-Ohio-1698 (where handbook provided, "Eligible employees will be paid for earned but unused vacation upon termination" employee was eligible for two weeks of vacation which had accrued at the time of his termination); VanBarg v. Dixon Ticonderoga Co., 152 Ohio App.3d 668,2003-Ohio-2531, 789 N.E.2d 727 (where employee worked during 1999 and accrued 20 days of vacation time, which he expected to use or be paid for in 2000, he was entitled to payment for such accrued benefit). Cf. Winters-Jones v. Fifth Third Bank (May 27, 1999), Cuyahoga App. No. 75582 (where the employment contract clearly states that vacation time must be used during the employee's employment or is lost, employee was not entitled to payment);Momchilov v. Astro Metallurgical Corp. (Oct. 26, 1994), Wayne App. No. 2856 (where vacation policy provides that the employee must work an entire year, up to and including the anniversary date, in order to earn the vacation pay for that year, employee not entitled to payment).
 {¶ 25} In accordance with the foregoing, plaintiff was entitled to payment for all earned vacation days, regardless of the fact that such days would have actually been used in the following year. The trial court therefore erred in entering judgment for defendant. The assignment of error is well-taken.
 {¶ 26} Plaintiff's second assignment of error states:
 {¶ 27} "The trial court committed reversible error when it failed to consider all appropriate materials submitted by the parties in ruling upon defendant's motion for summary judgment."
 {¶ 28} Within this assignment of error, plaintiff asserts that the trial court failed to consider the impact of the March 3, 1998 letter in determining his vacation benefits. In light of our disposition of the previous assignment of error, this claim is moot and we will not address it. App.R. 12(A)(1)(c).
 {¶ 29} The judgment of the trial court is reversed.
 {¶ 30} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., Concur.