ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant Larry Fridrich appeals from the order of the trial court granting summary judgment in favor of defendant-appellee Seuffert Construction Company, Inc. Finding error in the proceedings below, we reverse and remand.
 {¶ 3} Fridrich filed a complaint against Seuffert Construction to recover moneys owed for unused vacation days. Fridrich alleged that he accrued 56.5 days of unused vacation time during his 21 years of employment. Consequently, Seuffert Construction owed him $8,818.52 plus liquidated damages upon his resignation.
 {¶ 4} Seuffert Construction argued that there has never been a vacation policy that would allow for the carryover of unused vacation days from year to year or for the payment of unused vacation time at the end of an employee's career with the company. Seuffert Construction stated that employees did not earn vacation time, but it was given as a gratuitous gift.
 {¶ 5} The trial court ruled in favor of Seuffert Construction, and Fridrich now appeals, advancing two assignments of error for our review.
 {¶ 6} "I. The trial court committed reversible error in granting summary judgment in favor of defendant Seuffert Construction Company, Inc. and denying plaintiff's motion for summary judgment."
 {¶ 7} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivichv. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389.
 {¶ 8} Once the nonmoving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389.
 {¶ 9} Fridrich contends that he was a salaried office employee of Seuffert Construction for 21 years and that he resigned to obtain new employment because he was told the business was winding down. He insists that he is owed 56.5 days of unused vacation pay, referring to a memo addressed to "all office employees" that sets forth Seuffert Construction's vacation policy. This memo, dated December 27, 1988, states:
"As a matter of record, our policy for vacation for salaried office employees is as follows:
 "After 1 year — 1 week 1. "3 years — 2 weeks 2. "8 years — 3 weeks 3. "10 years — 4 weeks
"All Field Superintendents are entitled to 2 weeks paid vacation."
 {¶ 10} Seuffert Construction argues that Fridrich was employed as a project manager and estimator and not as a salaried office employee. Further, Seuffert Construction claims strict records were never kept by the company regarding vacation days or time off for personal matters. Seuffert Construction points out that the memo does not state that unused vacation time is carried over from year to year. Finally, Seuffert Construction contends that it did not have a policy of paying and never, in fact, paid a parting employee for unused vacation time.
 {¶ 11} In a similar case, Shuler v. USA Tire, Inc. (June 17, 1991), Butler App. No. CA90-08-171, the employer published an office memorandum establishing the vacation policy for its employees. The memorandum indicated that an employee with more than twenty years of service would receive four weeks of vacation with pay. Shuler was discharged by his employer in June 1988 after 23½ years of employment. At the time his employment was terminated, Shuler had already taken two weeks' paid vacation. Shuler filed a complaint against his employer for the balance of his four weeks' vacation. The trial court granted judgment in favor of Shuler, and the employer appealed. Id.
 {¶ 12} In Shuler, the Twelfth Appellate District affirmed the trial court's decision, approving its reasoning. The trial court explained that an agreement entitling employees to vacation with pay that is based upon length of service and time worked is not a gratuity, but is a form of compensation for services. Id., citing Schneider v. Electric Auto-Lite Co. (C.A.6, 1972),456 F.2d 366. The trial court construed the employer's vacation policy in favor of Shuler and determined that he accrued four weeks of vacation per year and that once the four weeks accrued, an employer must pay a discharged employee for any vacation time that the employee has yet to take. Id., citing McDonald v. OhioPackaging Corp. Co. (May 16, 1988), Stark App. No. 7390.
 {¶ 13} In Korsnak v. CRL, Inc., Cuyahoga App. No. 84403,2004-Ohio-6116, the employer informed its employees that it was shutting down operations at the end of the year and it would pay the employees for any unused vacation time for that year. Korsnak filed a complaint against his employer for failing to pay him for unused vacation time that he earned that year but was not eligible to use until the following year. The trial court granted summary judgment in favor of the employer, and this court reversed.
 {¶ 14} In Korsnak, this court found that the employee handbook clearly stated that vacation days accrued monthly[1] and an employee was entitled to use them on a pro rata basis, reasoning that although the days were to be used the following year, they were earned the previous year. This court further found that nothing in the handbook prevented the employee from being paid for accrued vacation days after termination of employment. Id.
 {¶ 15} Seuffert Construction argues that Fridrich had the opportunity to take his vacation time in 2003, prior to his resignation, but he did not exercise his option to take it and therefore forfeited his vacation days. Seuffert Construction cites to Stanovic v. National City Corporation (July 22, 1998), Summit App. No. 18784, in support of its argument. Stanovic,
however, is distinguishable from this case.
 {¶ 16} In Stanovic, the company's vacation policy specifically stated that "after you have completed one year of service, if you terminate your employment within the first calendar quarter (January 1-March 31), you will not be paid vacation allowance." The policy further stated that "you may not carry over vacation from one year to another. Any vacation not used by year end will be forfeited." After fourteen years of employment, Stanovic resigned in January 1996. The court pointed out that she was able to take her vacation time before she resigned; however, she was not able to recover moneys for unused vacation days because the policy explicitly stated so.
 {¶ 17} In the instant case, Seuffert Construction's vacation policy indicates that after ten years an employee receives four weeks of paid vacation. Like the policy in Shuler, supra, Seuffert Construction's vacation policy is based on length of service and time worked; therefore, it is not a gratuity, but is a form of compensation for services. "`Vacation pay is not a gift or gratuity, but rather a deferred payment of an earned benefit. It seems * * * [that the employer] can no more withhold the accrued vacation pay than, for example, it could hold the last pay check the employee had earned but not received.'" Korsnak,
supra, quoting Straughn v. Dillard Dept. Store (Mar. 4, 1996), Stark App. No. 95CA0294. Unless the vacation policy states otherwise, such as the policy in Stanovic, an employee is entitled to be paid for unused vacation days, because such payment is a deferred payment of an earned benefit. SeeKorsnak, supra.
 {¶ 18} After viewing the evidence in a light most favorable to Fridrich, we find that a genuine issue of material fact exists as to whether he is a salaried office employee. If the fact finder concludes that Fridrich is a salaried office employee, then he is entitled to be paid for any unused vacation time for the year he resigned. We find, however, that there is no evidence to indicate that Seuffert Construction's vacation policy allowed for the carryover of unused vacation time from year to year.
 {¶ 19} Fridrich's first assignment of error is sustained.
 {¶ 20} "II. Whether plaintiff is entitled to liquidated damages pursuant to Ohio Revised Code 4113.15(B)."
 {¶ 21} Fridrich argues he is entitled to liquidated damages for his unpaid vacation days pursuant to R.C. 4113.15(B). Seuffert Construction maintains that Fridrich is not entitled to the unpaid vacation days or the liquidated damages.
 {¶ 22} R.C. 4113.15(B) provides:
"(B) Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."
 {¶ 23} Liquidated damages are appropriate only when "no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment * * *." R.C. 4113.15(B); see, also, Guspyt v. Twin Health CareCenter (Nov. 26, 1997), Tuscarawas App. No. 97AP060040. The fact that we have found that Fridrich is entitled to unused vacation pay if he is found to be a salaried office employee is not determinative as to whether a dispute was actually present. Here, a dispute existed as to whether Seuffert Construction's vacation policy required the payout for unused vacation days. Since an actual dispute existed as to Fridrich's unused vacation pay, we find Seuffert Construction is not liable for liquidated damages. Fridrich's second assignment of error is therefore overruled.
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Blackmon, J., concur.
[1] The CRL handbook provided that "* * * During your initial year of employment, you will earn vacation at the rate of .42 days each full month to be taken the following year. * * * Vacation time may not be carried over to the following year."Korsnak, supra.