OPINION
{¶ 1} Plaintiff-appellant, Brian Condron, appeals the judgment of the Willoughby Municipal Court, awarding him judgment against defendant-appellee, the City of Willoughby Hills, in the amount of $319.99 plus interest and costs. For the following reasons, we affirm the judgment of the court below.
 {¶ 2} Condron was hired to serve as finance director for Willoughby Hills in April 2000. In a letter dated May 24, 2006, Condron announced his resignation "effective Friday June 9th 2006, as I have accepted a similar position in the City of Eastlake, which begins on Monday June 12th 2006." At the time of his resignation, Condron had *Page 2 
49 accrued hours of vacation time. During his last week of employment with Willoughby Hills, Condron inquired about receiving payment for the accrued vacation time. The city denied his request.
 {¶ 3} On August 17, 2006, Condron filed a complaint in small-claims court against Kenneth A. Lorenz, the current Mayor of Willoughby Hills. At trial on September 18, 2006, the court dismissed the case on the grounds that Condron had filed suit against an improper party, i.e., against Kenneth Lorenz rather than against the City of Willoughby Hills.
 {¶ 4} On September 25, 2006, Condron filed a complaint against Willoughby Hills. Condron sought $1,581.16 for the vacation time and $319.99 for the cost of a copier/fax/printer he had purchased as finance director, and which is still in Willoughby Hills' possession.
 {¶ 5} The matter was tried before a magistrate on November 6, 2006. From the bench, the magistrate informed Condron that he would find in his favor on his claim for reimbursement, but would deny his claim for vacation pay. The magistrate explained that his decision regarding vacation pay was based upon Willoughby Hills Ordinance No. 2002-02, which provides "employees who resign or are discharged for cause shall not be entitled to vacation or vacation pay."
 {¶ 6} On November 14, 2006, the magistrate issued a written decision, finding for Condron in the amount of $319.99, plus interest and costs. The magistrate's decision was adopted by the court on the same day.
 {¶ 7} On November 22, 2006, Condron filed objections to the magistrate's decision. On January 4, 2007, the municipal court overruled Condron's objections. This appeal timely follows. *Page 3 
 {¶ 8} On appeal, Condron raises the following assignments of error:
 {¶ 9} "[1.] The Trial Court erred to the prejudice of the Plaintiff when it dismissed the Plaintiff's complaint on September 18th 2006 for not naming the City of Willoughby Hills in the complaint.
 {¶ 10} "[2.] The Trial Court erred to the prejudice of the Plaintiff by admitting into evidence over the Plaintiff's objections evidence relating to the requesting of vacation time from a prior administration.
 {¶ 11} "[3.] The Court's Magistrate erred to the prejudice of the Plaintiff when he failed to render a decision on the issue of the 49 hours of vacation.
 {¶ 12} "[4.] The Trial Court erred to the detriment of the Plaintiff when it overruled the motion to stay execution of the January 4th Judgment, filed by the Plaintiff February 9th, 2007.
 {¶ 13} "[5.] The Trial Court erred to the detriment of the Plaintiff when it failed to award him 49 hours of vacation."
 {¶ 14} Under the first assignment of error, Condron maintains the magistrate erred and abused his discretion by dismissing the original case filed against former Mayor Lorenz. Condron relies upon Ohio Civil Rule 21, which provides, "[m]isjoinder of parties is not ground for dismissal of an action."
 {¶ 15} The problem with Condron's first assignment of error is that he failed to appeal the dismissed case, Condron v. Lorenz, Case No. 06 CVI 01757, before filing the present case, Condron v. Willoughby Hills, Case No. 06 CVI 01974. It is impermissible to allow Condron to raise an alleged error that occurred in a case other than the one he has appealed. Accordingly, we cannot consider this assignment of error. *Page 4 
 {¶ 16} The first assignment of error is without merit.
 {¶ 17} Under the second assignment of error, Condron argues the magistrate erred by admitting into evidence two written requests made by Condron for vacation time in 2003. Condron maintains these documents were irrelevant and prejudicial, as they created the impression that requests for vacation had to be in writing while his request for vacation pay upon resignation was made orally.
 {¶ 18} A trial court possesses broad discretion regarding the admission or exclusion of evidence. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271. When a matter is tried before the court in a bench trial, there is a presumption that the trial judge "considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." State v. White, (1968), 15 Ohio St.2d 146, 151; Columbus v. Guthmann (1963),175 Ohio St. 282, paragraph three of the syllabus.
 {¶ 19} We find no error in the municipal court's consideration of these two letters. At trial, Condron argued thoroughly the reasons why he felt these letters were irrelevant. In making his decision, the magistrate noted that another city employee who resigned requested his vacation pay, in writing, in his letter of resignation, something Condron failed to do. According to Condron's own testimony, he only requested his vacation pay orally, after tendering his letter of resignation. As will be explained below, the fact that Condron failed to request the vacation pay at the time he submitted his resignation was important to the magistrate's decision. The issue of whether his request was in writing or made orally is not strictly relevant to the magistrate's ultimate decision. Nonetheless, Condron argued, before the magistrate, the circumstances of his resignation and request for vacation pay in comparison with similar requests by other city employees. *Page 5 
The city was entitled to demonstrate how his final request for vacation pay differed from prior requests.
 {¶ 20} Assuming the admission of Codron's prior requests for vacation time to be in error, such error was harmless. Shull v. Itani, 11th Dist. No. 2002-L-163, 2004-Ohio-1155, at ¶ 44 (the admission of inadmissible extrinsic evidence may be harmless). The magistrate's decision ultimately rested on the municipal ordinance denying vacation pay to employees who resign, not on whether the request is in writing.
 {¶ 21} The second assignment of error is without merit.
 {¶ 22} Under the third assignment of error, Condron argues the magistrate erred by failing to issue a written decision relative to the denial of vacation pay. Although the magistrate explained his decision from the bench, the written decision issued on November 14, 2006, merely noted that "judgment [was] for Plaintiff in the amount of $319.99 plus costs and interest." Condron further argues the magistrate failed to advise him from the bench that objections to the magistrate's findings of fact and conclusions of law must be filed within fourteen days of the decision, as required by Civ.R. 53(D)(3)(a)(iii).
 {¶ 23} Condron misconstrues the import of the magistrate's pronouncement of judgment from the bench at the conclusion of the hearing. That pronouncement did not constitute the "decision * * * in writing" required by Civ.R. 53(D)(3)(a)(iii). It was the written decision of November 14, 2006, which properly constituted the magistrate's written decision. Further, the November 14, 2006 decision does contain the required language informing Condron of the necessity of filing objections, which he timely filed.
 {¶ 24} "[A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law." Civ.R. *Page 6 
53(D)(3)(a)(ii). In addition to setting forth the judgment in Condron's favor, the magistrate's written decision specified that Condron was making claims "for unused vacation pay and personal property in use by the city." The magistrate's written decision did not explain why the request for unused vacation pay was denied, but the magistrate was not required to do so in the absence of a request for findings of fact and conclusions of law. The magistrate explained the denial of Condron's claim for vacation pay from the bench as a courtesy to Condron.
 {¶ 25} Even in the absence of a particularized statement of findings of fact and conclusions of law, Condron was able to file objections which were "specific and state[d] with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii).
 {¶ 26} Thus, there was no error in the form of the magistrate's decision. The third assignment of error is without merit.
 {¶ 27} In Condron's fourth assignment of error, it is argued that there has been no final appealable order in this case, inasmuch as none of the judgments entered have expressly denied Condron's claim for vacation pay. For this reason, Condron filed a motion to stay the municipal court's January 4, 2007 judgment entry overruling Condron's objections to the magistrate's decision. The municipal court overruled Condron's motion to stay on February 28, 2007.
 {¶ 28} We note Condron filed his motion to stay after filing his notice of appeal from the January 4, 2007 judgment entry. The notice of appeal is required to "designate the judgment * * * appealed from." App.R. 3(D). Accordingly, it would have been proper for Condron to file a motion to amend his notice of appeal, pursuant to Appellate Rule 3(F), to include the February 28, 2007 judgment entry overruling his motion to stay. *Page 7 
 {¶ 29} Nonetheless, the grounds for Condron's motion to stay are without merit. Condron relies on the case of Hall v. Darr, 6th Dist. No. OT-03-001, 2003-Ohio-1035, which stands for the proposition that a court adopting the decision of a magistrate must still enter judgment in an entry independent of the magistrate's decision. Id. At ¶ 28. This court has long recognized that a judgment entry which adopts a magistrate's decision, but fails to enter judgment through a "separate and distinct" entry, does not constitute a final, appealable order. In reCastrovince (Aug. 16, 1996), 11th Dist. No. 96-P-0175, 1996 Ohio App. LEXIS 6226, at *4-*5.
 {¶ 30} The municipal court's November 14, 2006 judgment entry fulfills the requirement that the final judgment "give notice to the parties of their rights and liabilities without reference to any other document."Castrovince, 1996 Ohio App. LEXIS 6226, at *5; Hall, 2003-Ohio-1035, at ¶ 8. This judgment states: "JUDGMENT IS HEREBY GRANTED to Plaintiff against Defendant in the amount of $319.99 plus interest at 6 % per annum from November 6, 2006 and costs." The fact that operation of this judgment was stayed upon Condron's filing of objections does not necessitate the re-filing of judgment upon disposition of the objections. Cf. Hall, 2003-Ohio-1035, at ¶ 32.
 {¶ 31} Condron also argues the November 14, 2006 judgment entry is deficient as a final order because it does not expressly dispose of the claim for vacation pay. As discussed above, a magistrate is authorized to render a general judgment in the absence of a request for more specific findings. Moreover, the trial court's judgment entry provided the parties with a precise statement of their liabilities; judgment for Condron in the amount of $319.99 plus interest and costs. By not awarding Condron damages for vacation pay, the trial court has implicitly denied this claim, whereas the magistrate expressly denied it at the conclusion of trial. Cf. Karam v. Allstate Inc. Co. *Page 8 
(1982), 70 Ohio St.2d 227 n. 1, overruled on other grounds by Dorsey v.State Farm Mut. Auto. Ins. Co. (1984), 9 Ohio St.3d 27 ("[although the [judgment] entry * * * is general in form, we presume the trial court intended by its judgment to deny relief upon the individual claim of Maurice Karam, as well as the claims of the minors, * * * and thus the judgment was final and not interlocutory").
 {¶ 32} The municipal court's judgment entry of January 4, 2007, in conjunction with its prior November 14, 2006 entry, constitutes a valid, final order. The fourth assignment of error is without merit.
 {¶ 33} In the fifth and final assignment of error, Condron asserts the denial of his claim for vacation pay is against the weight of the evidence. A trial court's factual findings are entitled to presumption of correctness and will not be reversed as being against the manifest weight of the evidence if they are supported by competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, citing C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, at syllabus.
 {¶ 34} As noted above, the basis for the denial of Condron's vacation pay was Willoughby Hills Ordinance 2002-02, which provides "[eligible employees who resign or are discharged for cause shall not be entitled to vacation or vacation pay."
 {¶ 35} At trial, Condron presented evidence that this policy was not enforced by citing the case of another city employee, Randy Slusarz, who resigned but received vacation pay. Slusarz' resignation letter stated: "I plan on my last active day at work to be October 7, 2005. After that, I would like to take any remaining vacation time I have left."
 {¶ 36} The magistrate distinguished Slusarz' situation from Condron's by interpreting Slusarz as having requested vacation time prior to his actual departure, *Page 9 
albeit after his last day of "active work." Condron, however, sought to collect vacation pay after his actual resignation and commencement of employment with the City of Eastlake.[1]
 {¶ 37} Subsequent to the hearing and the filing of the magistrate's written decision, Condron obtained information indicating that Slusarz' resignation was effective as of October 7, 2007, and that "remaining vacation time [was] to be taken after that date." This information was submitted to the municipal court in a Motion for Default Judgment filed on February 2, 2007.
 {¶ 38} In considering Condron's argument on appeal, however, we are unable to consider this evidence since it was neither before the magistrate nor the municipal court judge when their decisions were rendered. Appellate Rule 12(A)(1)(b) provides that a court of appeals is to "[determine the appeal on its merits on * * * the record on appeal under App.R. 9." The "record on appeal" is defined as "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A). Taken together, these rules limit our review of Condron's manifest weight of the evidence challenge to the evidence that was properly before the lower court. Napper v. Napper, 3rd Dist. No. 1-02-82, 2003-Ohio-2719, at ¶ 5 ("an appellate court's review is strictly limited to the record that was before the trial court, no more and no less"); Hill v. Home Roam Pools, 11th Dist. No. 2003-A-0097,2003-Ohio-5862, at ¶ 4 (a "copy of a letter * * * not considered by the trial court in reaching its decision * * * cannot be considered on appeal"). *Page 10 
 {¶ 39} Based on the evidence before the magistrate at the time he made his decision, his interpretation of Slusarz' resignation as requesting vacation pay prior to the actual termination of employment is not against the manifest weight of the evidence.
 {¶ 40} Condron also raises a legal argument under this assignment of error, asserting that the magistrate's decision contradicts prior case law, holding "[v]acation pay is not a gift or gratuity, but rather a deferred payment of an earned benefit" and an employer "can no more withhold the accrued vacation pay than, for example, it could hold the last pay check the employee earned but not received." Korsnak v. CRL,Inc., 8th Dist. No. 84403, 2004-Ohio-6116, at ¶ 19, citing Straughn v.Dillard Dept. Store (March 4, 1996) 5th Dist. No. 95CA0294, 1996 Ohio App. LEXIS 1234, at *4; Shuler v. USA Tire, Inc. (June 17, 1991), 12th Dist. No. CA90-08-171, 1991 Ohio App. LEXIS 2814, at *3-*4 ("[o]nce * * * accrue[d], an employer must pay a discharged employee for any vacation time that the employee has yet to take").
 {¶ 41} These cases are distinguishable on the grounds that there was no provision in the employment contracts at issue similar to the Willoughby Hills Ordinance that an employee forfeited his right to vacation pay upon resignation. Cf. Korsnak, 2004-Ohio-6116 at ¶ 24
("nothing in the handbook prevents the employee from being paid for these days after termination of employment"); Justinger v. Bishop (Sept. 28, 1984), 11th Dist. No. 10-092, 1984 Ohio App. LEXIS 10954, at *3 ("the failure of the defendant to include a forfeiture clause in the manual foreclosed the defendant from contending that vacation pay was not due upon termination"). "Unless the vacation policy statesotherwise, * * * an employee is entitled to be paid for unused vacation *Page 11 
days, because such payment is a deferred payment of an earned benefit."Fridrich v. Seuffert Construction Co., Inc., 8th Dist. No. 86395,2006-Ohio-1076, at ¶ 17 (citations omitted) (emphasis added). Ervin v.Oak Ridge Treatment Ctr Acquisition Corp., 4th Dist. No. 05CA27,2006-Ohio-3851, at ¶ 13 ("Ohio courts have enforced company policies that restrict or preclude payment for personal or vacation time upon termination of employment, where * * * the policies are clear and published in an employee handbook") (citations omitted).
 {¶ 42} Although it appears Condron may have been treated unfairly in comparison with other municipal employees, the decision to deny Condron vacation pay is consistent with the law, as well as the terms and conditions of Condron's employment with Willoughby Hills. The fifth assignment of error is without merit.
 {¶ 43} For the foregoing reasons, the judgment of the Willoughby Municipal Court, awarding Condron damages in the amount of $319.99 plus interest and costs, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only.
[1] The magistrate stated as follows: "What they did is, they notified the City they would be leaving and they requested to use their vacation time from the moment — from the last moment they would render active service through the end of that vacation time and then leave after that. And that's not what you did. You left on a date certain and then came back and asked for vacation time." *Page 1