DUNLAP, Appellant,

v.

EDISON CREDIT UNION, INC., Appellee.

[Cite as *Dunlap v. Edison Credit Union, Inc.,* 186 Ohio App.3d 370, 2010-Ohio-953.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2009 CA 99.

Decided March 12, 2010.

John R. Butz, for appellant.

Miguel A. Pedraza Jr., for appellee.

DONOVAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Alyce F. Dunlap, appeals a judgment of the Clark County Municipal Court, in which the court held in favor of defendant-appellee, Edison Credit Union, Inc., on Dunlap's claim for accrued but unpaid vacation leave in the amount of $6,937.38, including prejudgment and postjudgment interest.

I

{¶ 2} Dunlap was employed by Edison in a managerial position from January 1999 to April 2008. It is undisputed by either party that Dunlap was hired as an at-will employee. During the time she was employed by Edison, she accrued vacation at a rate of three weeks per year. Dunlap testified that due to the demands of her position, she was unable to use a substantial amount of her vacation time. When Dunlap retired from Edison in April 2008, she was paid for the 14 days of vacation that she had accrued in 2008 as well as four days worth of unused vacation carried over from 2007. In anticipation of litigation, Dunlap never cashed the check issued to her.

{¶ 3} On October 3, 2008, Dunlap filed a complaint in which she alleged that in light of certain provisions in the Human Resource Policy Manual ("HRPM"), Edison failed to pay her accrued vacation leave that had remained unused during the entire term of her employment. Specifically, Dunlap asserted that she was entitled to accrued but unused vacation time dating to 2000 through 2007 that totaled approximately 38.5 days. Edison disagreed with Dunlap's calculations, stating that she was only entitled to the vacation she had accrued in 2008, as well as one year's worth of unused vacation carried over from 2007. Edison filed a motion for summary judgment on March 12, 2009. The trial court overruled Edison's motion for summary judgment on April 13, 2009, stating that a genuine issue existed regarding "the construction of the language in the defendant's employee policy governing the carryover of accrued but unused vacation leave."

{¶ 4} A trial was held in this matter on April 21, 2009. On September 9, 2009, the trial court filed a written decision and entry in which the court issued a judgment in favor of Edison. Dunlap filed a timely notice of appeal with this court on October 5, 2009.

## II

{¶ 5} Dunlap sole assignment of error is as follows:

{¶ 6} "After the trial court determined that the 'Human Resource Policy Manual' (HRPM) did not form the basis of an employment contract, the trial court determined that appellant could not prevail on her claim for accrued vacation pay. The issue determined by the trial court was not dispositive of appellant's claim."

{¶ 7} In her only assignment of error, Dunlap contends that the trial court mistakenly found that because she was an at-will employee, she was not entitled to enforcement of the terms and conditions set forth in the HRPM. While Dunlap does not dispute that she was, in fact, an at-will employee when she worked at Edison, Dunlap argues that the HRPM contains a provision that entitles her to accrued but unused vacation time dating to 2000 through 2007. In support of her assertion, Dunlap relies on Policy 202 of the HRPM, which states:

{¶ 8} "I. Policy

{¶ 9} "The Credit Union currently provides annual paid vacations according to the following guidelines.

{¶ 10} "II. Guidelines

{¶ 11} " * * *

{¶ 12} "G. Employees will not receive pay in lieu of taking accrued vacation, except upon termination set forth in paragraph I below. Employees are currently allowed to carry over a maximum of one week of vacation.

{¶ 13} " * * *

{¶ 14} "I. Employees will receive vacation pay for all unused vacation earned at the time of termination."

{¶ 15} In light of the language in the preceding section of the HRPM, Dunlap argues that she is entitled to compensation for the following time periods which constitute unused vacation days totaling 38.5 days: a) 2000—four days, b) 2001— eight days, c) 2002—five days, d) 2003—six days, e) 2004—four days, f) 2005— four days, g) 2006—two and one-half days, and h) 2007—five days.

{¶ 16} Edison, however, asserts that Policy 202 of HRPM cannot be interpreted to permit Dunlap to collect payment for all of her unused vacation days at the

termination of her employment. Scott Henigan, the president of the board of directors at Edison, testified that the board used Policy 202 as a guideline to reach the amount believed to be owed to Dunlap for her unused vacation days. Specifically, Henigan testified that after the board reviewed Dunlap's employment records in conjunction with Policy 202, the board found that Dunlap was entitled to be paid for the 14 days of vacation that she had accrued in 2008 as well as four days' worth of unused vacation carried over from 2007.

{¶ 17} Moreover, Edison asserts that the HRPM does not constitute an employment contract between itself and Dunlap. Rather, Edison argues that the HRPM is merely a set of guidelines to be consulted when certain situations arise. In support of this assertion, Edison relies on the following sections of the HRPM:

{¶ 18} "Policy 101

{¶ 19} "I. POLICY

{¶ 20} "The Board of Directors and Management of Springfield Division–Ohio Edison Credit Union have produced this Human Resources Policy Manual (HRPM) in order to establish a framework around which the efforts of all employees can be coordinated. It is designed to assist the Manager in complying with relevant employment regulations and in promoting effective employee relations. The Board of Directors and Credit Union Management may modify, suspend or delete any of the policies stated in the HRPM without notice. To be effective, such changes must be in writing and signed by the Manager.

{¶ 21} "II. GUIDELINES

{¶ 22} " * * *

{¶ 23} "C. The policies outlined in the manual comply with legal requirements concerning the terms and conditions of employment. *The manual is a management guide to general human resource methods at the Credit Union. It does not promise that the policies mentioned will be applicable in any given instance. The manual does not change the employment-at-will relationship in any way.*

{¶ 24} " * * *

{¶ 25} "Policy 102

{¶ 26} "I. POLICY

{¶ 27} " * * *

{¶ 28} "II. GUIDELINES

{¶ 29} "A. *The HRPM is not an employment contract and does not provide any enforceable contractual rights to the employee with respect to his/her terms or conditions of employment. Neither these guidelines, nor any written or oral*

*policies, practices or procedures which may develop from these guidelines create either an express or implied employment contract."* (Emphasis added.)

{¶ 30} Dunlap concedes that the HRPM does not create an express or implied contract between herself and Edison. Nevertheless, Dunlap's entire claim for payment for unused vacation necessarily requires that the vacation provisions of the HRPM be enforced as contractual obligations against Edison. As we stated in *Shepard v. Griffin Servs., Inc.,* Montgomery App. No. 19032, 2002-Ohio-2283, 2002 WL 940110:

{¶ 31} "[T]he existence of an express or implied contract can overcome the employment at-will presumption. * * * In order to imply a contract, '[t]here must be specific evidence to show that the parties mutually assented to something other than at-will employment.' [*Reasoner v. Bill Woeste Chevrolet, Inc.* (1999), 134 Ohio App.3d 196, 200, 730 N.E.2d 992.] Specifically, employee handbooks, company policy, and oral representations under some circumstances may contain such evidence. * * *

{¶ 32} "We note, however, that many of these documents may contain disclaimers, which require the employee to acknowledge that the document does not create an employment contract. *These disclaimers negate any inference of contractual obligations between the parties. * * * Instead, the handbook then becomes 'merely a unilateral statement of rules and policy which creates no obligations and rights. Tohline v. Cent. Trust Co., N.A.* (1988), 48 Ohio App.3d 280, 282, 549 N.E.2d 1223.' " (Emphasis added.)

{¶ 33} In light of our prior holding in *Shepard,* the disclaimer provisions contained in Policies 101 and 102 of the HRPM "negate any inference of contractual obligations between the parties." Clearly, the HRPM is meant to be nothing more than a unilateral statement of rules and policy that creates no obligations and rights. Dunlap has failed to establish any basis upon which Policy 202 of the HRPM could be interpreted as creating a contractual obligation for Edison to compensate her for any and all accrued but unused vacation time. Thus, the trial court did not err when it ordered judgment in favor of Edison.

{¶ 34} Dunlap's sole assignment of error is overruled.

III

{¶ 35} Dunlap's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

GRADY, J., concurs.

FAIN, J., dissents.

FAIN, Judge, dissenting.

{¶ 36} I would reverse the judgment of the trial court and remand this cause for resolution, by the trial court, of the ambiguity in the provisions in the contract of employment between Dunlap and Edison Credit Union concerning the manner in which a retiring employee is to be compensated for accrued, but unused, vacation time.

{¶ 37} Dunlap was employed by Edison Credit Union for over nine years. She was not performing services for Edison Credit Union for free. She had a contract of employment, albeit not primarily in writing, in which she performed the tasks assigned to her by her employer, and Edison Credit Union paid her for her work.

{¶ 38} Dunlap was an at-will employee, and the Human Resource Policy Manual did not change that. She could resign at any time, without penalty, and Edison Credit Union could discharge her at any time, with or without cause. Because she was an at-will employee, Edison Credit Union could change the terms of her employment contract at any time, *prospectively*. It could tell her that it was not going to pay her as much for her services, for example, beginning either at the present moment, or at some time in the future. If that was not satisfactory to her, she could resign her employment.

{¶ 39} Part of Dunlap's compensation package was paid vacation time. She would be paid while she was on vacation, even though she was not working for Edison Credit Union during her vacation. There was provision for how she would be compensated for accrued, but unused, vacation time. This was part of the package of compensation for her services. Like everything else in her compensation package, the terms for compensating her for accrued, but unused, vacation time could be changed prospectively. But it could no more be changed retrospectively, without her consent, than any other part of the compensation package.

{¶ 40} If, for example, the terms of Dunlap's employment contract provided that she would be paid a salary at the rate of $4,000 per month, to be paid on the second Friday following the month, Edison Credit Union could not unilaterally decide, the day before payday, that it would pay her only $3,000 for the month that she had already worked. That is not a prospective change. Dunlap, in this example, would already have fully performed her obligations for that month, thereby earning the agreed compensation for her services for that month.

{¶ 41} *Shepard v. Griffin Servs., Inc.,* Montgomery App. No. 19032, 2002-Ohio-2283, 2002 WL 940110, does not require a contrary result. In that case, an at-will employee was discharged and brought an action against the employer alleging, among other things, that she had an implied contract with the employer, in the form of an employee manual and various oral comments that had been made to her, that she could not be discharged without good cause. We cited that part of the employee manual that expressly provided for at-will employment:

{¶ 42} "Employment with the Company is entered into voluntarily, and employees are free to resign at any time. *Similarly, Griffin Services Inc. is free to conclude the employment relationship at any time.* Neither this Policy and Procedure Manual, nor any other document or publication made available by the Company establishes a contract of employment between an employee and the Company. No person, other than a Corporate Officer, has authority to enter into any agreement, oral or written, for employment *for any specified period of time* or to make any agreement contrary to the foregoing." (Emphasis added.)

{¶ 43} The issue in *Shepard* was whether the employee in that case was an at-will employee, meaning that she could be discharged at any time, with or without good cause. We held that she was.

{¶ 44} In the case before us, Dunlap's status as an at-will employee is not at issue. She is not claiming that she could only have been discharged for good cause. She just wants to receive the compensation that the Edison Credit Union agreed to pay her for the services that she had already performed when she retired. Part of that compensation is accrued, but unused, vacation time. At the oral argument of this appeal, Edison Credit Union conceded that she is entitled to compensation for accrued, but unused, vacation time. Its only issue with Dunlap concerns the proper interpretation of the provision in the Human Resources Policy Manual governing that compensation.

{¶ 45} Because Dunlap is plainly an at-will employee, the provisions in the Human Resources Policy Manual governing compensation for her future services can be unilaterally changed by the company at any time. But Edison Credit Union conceded at the argument of this appeal that the provisions governing compensation for Dunlap's past services, already completely performed by her, may not be changed, at least not without her consent. And this includes provisions in an employee handbook for payment for an at-will employee's vacation time accrued before a unilateral change by the employer of the vacation policy. *Van Barg v. Dixon Ticonderoga Co.,* 152 Ohio App.3d 668, 2003-Ohio-2531, 789 N.E.2d 727, ¶ 9.

{¶ 46} I would reverse the judgment of the trial court and remand this cause for construction of the provision governing compensation for accrued, but unused,

vacation time, which I find to be ambiguous. The trial court never reached that issue.