OPINION
{¶ 1} This cause is before the court pursuant to an appeal filed by appellant, Suzanne Marchi nka Logan, from a decision by the Warren County Court of Common Pleas, Domestic Relations Division, denying her motion for relief from judgment.
 {¶ 2} Appellant and appellee, Robert A. Marchi, were married in 1987 and obtained a dissolution in 1998. On November 27, 2002, appellee filed a motion to modify his child support obligation based upon a change in his employment circumstances. On December 26, 2003, a magistrate's decision was filed which reinstated a prior child support order, and denied a request for deviation from guideline child support. On January 9, 2004, appellee filed objections to the magistrate's decision. The magistrate filed an amended decision on January 23, 2004 which corrected certain clerical errors in the original decision.
 {¶ 3} On March 4, 2004, the trial court sustained the objections to the magistrate's decision, reducing the level of income imputed to appellee and granting him a 30 percent deviation from guideline child support. Appellant filed an appeal from the trial court's decision, but it was dismissed by this court as not timely filed. See In re Marchi, Warren App. No. CA2004-04-034.
 {¶ 4} On March 18, 2004, appellant moved for relief from judgment. In an entry filed on April 28, 2004, the trial court granted the motion in part and denied the motion in part. The court found that although the motion was improperly designated as having been filed pursuant to Civ.R. 59, it could be properly considered under Civ.R. 60(B)(1). The court granted the motion with respect to a mistake made granting credit for health insurance premiums to appellee. This resulted in an increase in appellee's child support obligation from $685.46 per month to $748.39 per month. The court found that two other issues raised in the motion, i.e., whether a proper amount of income was imputed to appellee, and whether the deviation from the child support worksheet was appropriate, were not proper matters for Civ.R. 60(B) consideration.
 {¶ 5} Appellant thereafter filed the present appeal. In a single assignment of error, appellant contends that the trial court erred when it granted the 30 percent deviation from guideline child support.
 {¶ 6} Although the motion for relief from judgment was brought pursuant to Civ.R. 59 and considered by the trial court under Civ.R. 60(B), the motion is in essence a motion to reconsider the trial court's March 1, 2004 decision sustaining objections to the magistrate's report. The opening sentence of the memorandum in support of the motion states that "Respondent [appellant] * * * moves this Court to reconsider certain conclusions set forth in its Entry Sustaining Objections to Magistrate's Decision filed on March 1, 2004."
 {¶ 7} There is no rule that allows a party to move a trial court for reconsideration of a final judgment. Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378. A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal. Id. Further, because a judgment entered on a motion for reconsideration is a nullity, a party cannot appeal from such a judgment. Id.; Statev. Vanelli, Wayne App. No. 02CA0066, 2003-Ohio-2717.
 {¶ 8} Even if appellant's motion is viewed as a Civ.R. 60(B) motion, the trial court properly found that the only issue contained in the motion that could be addressed under Civ.R. 60(B) was the improperly granted credit for health insurance premiums. Civ.R. 60(B) may not be used as a substitute for appeal, Bringman Co. LPA v. Dye, Knox App. No. 02CA48, 2003-Ohio 2723, and the other issues raised in appellant's motion could have been appealed if a timely notice of appeal had been filed.
 {¶ 9} The assignment of error raises only the question of whether the trial court should have granted a deviation from child support guidelines, an issue that the trial court correctly determined was not a proper subject for 60(B) determination. It is therefore overruled.
 {¶ 10} Judgment affirmed.
Walsh, P.J., and Young, J., concur.