DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, John Masters, appeals from the judgment of the Medina Municipal Court. We affirm.
 I. {¶ 2} On February 23, 2006, Appellee, Citibank, filed a complaint against Appellant, John Masters, in the Akron Municipal Court alleging that Masters was in default on a repayment obligation of $11, 082.40 on a credit card he held with Citibank. Citibank attached the affidavit of Alicia Metcalf, Attorney Management Specialist for Citibank, who averred that Masters failed to make timely payments *Page 2 
on the credit card account according to the terms of the credit card agreement and that he was presently in default on those terms. She testified that by virtue of his default, the entire balance of $11, 082.40 was due and owing. The case was ultimately transferred to Medina Municipal Court after Citibank realized that Medina was the proper venue.
 {¶ 3} On June 8, 2006, Citibank served its first set of interrogatories, request for production of documents and request for admissions. On June 15, 2006, Masters filed a Civ.R. 12(E) motion for a more definite statement. On June 19, 2006, Citibank filed a brief in opposition to Masters' motion for a more definite statement. On June 28, 2006, the magistrate denied Masters' motion. Masters filed an answer on July 18, 2006. On that same day, Citibank filed a motion for leave to file a motion for summary judgment instanter. Citibank attached a copy of its summary judgment motion to the motion for leave. The trial court granted the motion the next day, July 19, 2006.
 {¶ 4} On July 25, 2006, Masters filed a motion for continuance to complete discovery along with a memorandum in opposition to Citibank's motion for leave to file its motion for summary judgment instanter. The magistrate issued an order on July 27, 2006, in which he granted Masters' motion for a continuance to complete discovery. Accordingly, the magistrate continued an August 14, 2006 *Page 3 
hearing[1] to October 13, 2006. Masters filed a motion for an extension of time to file his memorandum in opposition to Citibank's motion for summary judgment on October 13, 2006. In his motion for an extension, Masters stated that he recently underwent surgery on his right hand and missed an extensive amount of work recovering from the surgery and a serious infection. On that same day, the trial court issued two judgment entries. In the first judgment entry, the magistrate denied Masters' motion, noting that he already had nearly three months to respond and in the second judgment entry, the magistrate granted Citibank's motion for summary judgment.
 {¶ 5} On October 23, 2006, Masters filed a motion for leave to file a memorandum in opposition to Citibank's motion for summary judgment instanter. In addition, on October 23, 2006, Masters also filed a Civ.R. 52 motion for findings of fact and conclusions of law. On October 24, 2006, the magistrate denied Masters' motion for leave to file a memorandum in opposition to Citibank's motion for summary judgment instanter. On November 28, 2006, the trial court entered an order adopting the magistrate's October 13, 2006 grant of summary judgment in favor of Citibank. Accordingly, the trial court granted judgment in favor of Citibank and against Masters in the amount of $11, 082.40, plus interest. *Page 4 
 {¶ 6} On December 12, 2006, Citibank moved the trial court for an order of garnishment against Masters. The trial court then sent a notice to Masters, informing him that an order had been issued in favor of Citibank, directing that some of his money, other than personal earnings, now in the possession of Sky Bank be used to satisfy his debt to Citibank. The notice further informed him that some property may be held exempt from execution, garnishment, attachment or sale, and that he may dispute the judgment creditor's right to attach his property because it is exempt.
 {¶ 7} On January 2, 2007, Masters requested a hearing to dispute Citibank's right to attach property held at a checking account at Sky Bank, claiming exemption on the grounds that the funds were personal earnings. On January 4, 2007, Masters filed a notice of appeal from the trial court's November 28, 2006 judgment entry. The magistrate held a hearing on January 11, 2007, on Masters' claim of exemption of money, property or credits. On January 26, 2007, the magistrate denied Masters' motion to quash the garnishment.
 {¶ 8} The trial court entered an additional order on January 26, 2007, in which it denied Masters' October 13, 2006 request for findings of fact and conclusions of law. This Court entered an order on January 29, 2007, dismissing Masters' appeal for lack of jurisdiction. In our entry, we explained that Masters' notice of appeal was not timely filed. *Page 5 
 {¶ 9} On February 9, 2007, Masters filed objections to the magistrate's decision entered on January 26, 2007, regarding the garnishment proceedings. On February 26, 2007, Citibank filed a response to Masters' objections. On March 9, 2007, Masters filed an emergency motion for relief from judgment, pursuant to Civ.R. 60. Citibank responded in opposition on March 26, 2007. On April 26, 2007, the trial court denied Masters' motion for relief, explaining that Masters failed to submit any depositions, stipulations, transcripts of sworn testimony, or affidavits to support his assertion that there are operative facts in support of his motion for relief from judgment. The trial court stated that "[t]he mere assertion of facts in a motion or memorandum is not evidence upon which the Court may grant a motion for relief from judgment."
 {¶ 10} Masters timely appealed the trial court's order, raising two assignments of error for our review. We have combined Masters' assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I
 "THE TRIAL COURT ERRED BY FAILING TO HOLD A [SIC] EVIDENTIARY HEARING TO RESOLVE THE FACTUAL DISPUTES ESTABLISHED BY MASTERS' MOTION FOR RELIEF FROM JUDGMENT."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY FAILING TO HOLD A [SIC] EVIDENTIARY HEARING TO RESOLVE THE FACTUAL *Page 6 
DISPUTES ESTABLISHED BY MASTERS' MOTION FOR RELIEF FROM JUDGMENT[.]"
 {¶ 11} Masters' two assignments of error are identical. In his assigned errors, Masters asserts that the trial court erred by failing to hold an evidentiary hearing to resolve the factual disputes established by his motion for relief from judgment. We disagree.
 {¶ 12} Civ.R. 60(B) states, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 13} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any *Page 7 
of these three requirements is not met, the motion is properly overruled. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 14} The question of whether relief should be granted is within the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 19-20. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd, (1993),66 Ohio St.3d 619, 621.
 {¶ 15} Upon review, we find that the trial court did not abuse its discretion in denying Masters' motion for relief from judgment. Although this Court does not agree with the trial court's reasoning, "`we will not reverse a correct judgment merely because of an erroneous rationale.'" In re Proposed Annexation of 222.71 Acres (Sept. 12, 2001), 9th Dist. No. 20563, at *7, quoting State ex rel. Gilmore v.Mitchell (1999), 86 Ohio St.3d 302, 303. This Court reaches the same result, but for different reasons than those stated by the trial court.Annexation of 222.71 Acres, at *7. *Page 8 
 {¶ 16} A Civ.R. 60(B) motion may not serve as a substitute for a timely filed appeal. Marchi v. Marchi, 12th Dist. No. CA2004-05-057,2005-Ohio-4055, at ¶ 8. On November 28, 2006, the trial court granted summary judgment in favor of Citibank. This judgment was a final order as it resolved all the claims, rights and liabilities of the parties. See Levi v. Thompson, 2d Dist. Nos. 20859, 21052, 2005-Ohio-6675, at ¶ 27. The record reflects that on January 4, 2007, Masters filed an appeal from the trial court's November 28, 2006 decision granting summary judgment in favor of Citibank. This Court dismissed Masters' appeal as untimely filed. On March 9, 2007, Masters filed an emergency motion for relief from judgment, pursuant to Civ.R. 60.
 {¶ 17} Masters could have raised challenges to the trial court's grant of summary judgment in his appeal. However, his appeal was dismissed as untimely. Masters rejects the assertion that he could have raised the arguments contained in his Civ.R. 60(B) motion through a timely filed appeal. He contends that his Civ.R. 60(B) motion "extended] beyond the summary judgment motions" to include the trial court's January 26, 2007 judgment denying his October 13, 2006 request for findings of fact and conclusions of law. Masters asserts that, pursuant to Civ.R. 53(D)(3)(b)(i), his timely motion for findings of fact and conclusions of law tolled the time for filing objections thereto until the magistrate issued a decision including findings of fact and conclusions of law. We find no merit in this contention. *Page 9 
 {¶ 18} First and foremost, the record reflects that Masters' motion was filed pursuant to Civ.R. 52, not Civ.R. 53. Civ.R. 52 provides, in pertinent part, that "[f]indings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." Civ.R. 56 governs summary judgment. The record reflects that Masters' motion for findings of fact and conclusions of law concerned the trial court's grant of summary judgment and was filed pursuant to Civ.R. 52. There is no requirement under Civ.R. 52 that the trial court issue findings of fact and conclusions of law with regard to a grant of summary judgment.
 {¶ 19} Secondly, even if Masters' motion was somehow filed pursuant to Civ.R. 53, the record reflects that it was untimely filed. Pursuant to Civ.R. 53(D)(3)(a)(ii), "[a] request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision." The magistrate issued his decision on October 13, 2006. Masters' motion was filed on October 23, 2006. Accordingly, his motion was untimely.
 {¶ 20} We conclude that any legitimate arguments Masters raised in his Civ.R. 60(B) motion could have been raised in a timely appeal to this Court. A Civ.R. 60(B) motion was not a proper means to obtain review of his challenges to the trial court's decisions with regard to the grant of summary judgment. Masters *Page 10 
could only seek such review through a timely filed appeal.Marchi, supra, at ¶ 8. Accordingly, Masters' assignments of error are overruled.
 III. {¶ 21} Masters' assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 11 
CARR, P. J. WHITMORE, J. CONCUR.
[1] We can find no other reference to an August 14, 2006 hearing in the record. *Page 1