[Cite as *BAC Home Loans Servicing, L.P. v. Cromwell* , 2011-Ohio-6413.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BAC HOME LOANS SERVICING, LP

    Appellee

    v.

TONYA CROMWELL, et al.

    Appellants

C.A. No.     25755

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-09-6633

DECISION AND JOURNAL ENTRY

Dated: December 14, 2011

MOORE, Judge.

{¶1}   Marlon Redmond appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}   On September 8, 2009, BAC Home Loans Servicing, L.P. ("BAC") filed a complaint for personal judgment against Tonya Cromwell, on a note which she executed, and for foreclosure of a Twinsburg, Ohio property, on a mortgage which she and Redmond executed, which secured the note. BAC named Cromwell, Redmond, their unknown spouses, and Mortgage Electronic Registration Systems, Inc. (MERS) as defendants and asked the trial court to marshal potential liens held by all of the parties on the Twinsburg property. The copy of the note attached to the complaint shows that the note was made payable to Countrywide Home Loans, Inc ("Countrywide"). An allonge was attached to the note making the note payable to BAC. The copy of the mortgage attached to the complaint named Countrywide as the lender, but

named MERS as the nominee and mortgagee under the instrument. Attached to the copy of the mortgage was a copy of a mortgage assignment, wherein MERS assigned the mortgage to BAC.

{¶3} On October 15, 2009, Redmond filed an answer generally denying the allegations contained in the complaint and further stating he "would like to keep the home. There's also a confusion with the banks that filed the foreclosures[.]" No other party filed an answer to the complaint.

{¶4} Thereafter, BAC filed a motion for summary judgment, to which Redmond did not file a response. The trial court granted summary judgment in favor of BAC on December 18, 2009, and on the same date Redmond filed a motion to dismiss. On March 8, 2010, the court entered a judgment entry of foreclosure. Thereafter, Redmond filed a Civ.R. 60(B) motion to vacate the judgment, which the trial court denied on December 27, 2010.

{¶5} Redmond timely filed a notice of appeal pro se from the entry denying his motion to vacate, and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED REDMOND'S MOTION FOR RELIEF FROM JUDGMENT."

{¶6} In his sole assignment of error, Redmond argues that the trial court erred in denying his motion to vacate because BAC lacked standing to bring this action, which he further argues deprived the trial court of jurisdiction. We do not agree.

{¶7} In regard to subject matter jurisdiction, the Ohio Supreme Court has stated:

"Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." (Internal

citations and quotations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶11.

**{¶8}** Here, in Redmond's motion to vacate, he essentially argues that BAC was not the proper party in interest due to a purported invalid assignment of the mortgage from MERS to BAC. However, "standing," as the term has been used in regard to the "real party in interest" requirement of Civ.R. 17, does not challenge a court's subject matter jurisdiction. *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 77. Under Ohio law "standing [is] jurisdictional only in limited cases involving administrative appeals, where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction." Id. at fn. 4, citing *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, and *New Boston Coke Corp. v. Tyler* (1987), 32 Ohio St.3d 216, 218; see also *DaimlerChrysler Fin. Servs. N. Am. v. Hursell*, 9th Dist. No. 24815, 2011-Ohio-571, at ¶23.

**{¶9}** Therefore, here, as the issue of standing is not a jurisdictional challenge which can be raised at any time, we turn now to Redmond's argument that the trial court erred in not granting his Civ.R. 60(B) motion which raised the standing of BAC to bring the action. The question of whether such relief should be granted is within the sound discretion of the trial court. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77. This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19-20. The phrase "'abuse of discretion' connotes more than an error of law or judgment;" rather, "it implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.

{¶10} Civ.R. 60(B) states, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶11} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174.

{¶12} Here, Redmond based his motion on his allegation that MERS, as nominee on the mortgage, lacked authority to assign the mortgage, causing any purported assignment by MERS to BAC to be invalid. Based upon this, Redmond argued that BAC lacked standing to prosecute this matter. Redmond relied upon Civ.R. 60(B)(3), which pertains to fraud and misrepresentation of the opposing party. However, the trial court, relying on *Countywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. No. 25297, 2010-Ohio-6000, stated that "bare allegations that a bank in a foreclosure action committed fraudulent acts and misrepresentations are insufficient to proceed with a Motion to Vacate Judgment." Further, the trial court determined that Redmond's arguments should have been addressed in a memorandum in

response to BAC's motion for summary judgment and noted that Redmond could have raised his challenges in a timely filed appeal from the trial court's order approving summary judgment and entering foreclosure. See *Citibank (S. Dakota), N.A. v. Masters*, 9th Dist. No. 07CA0055-M, 2008-Ohio-1001, at ¶16 (holding that "[a] Civ.R. 60(B) motion may not serve as a substitute for a timely filed appeal"), citing *Marchi v. Marchi*, 12th Dist. No. CA2004-05-057, 2005-Ohio-4055, at ¶8.

**{¶13}** We conclude that the trial court's denial of Redmond's Civ.R. 60(B) motion was not arbitrary, unreasonable, or unconscionable. Accordingly, the trial court did not abuse its discretion in denying Redmond's motion, and his sole assignment of error is overruled.

III.

**{¶14}** Redmond's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

CARR, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

MARLON REDMOND, Attorney at Law, for Appellant.

C. SCOTT CASTERLINE, Attorney at Law, for Appellee.