[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The trial court's entry spells Ms. Ervin's first name as "Robert." However, the record indicates that the correct spelling is "Roberta."
 DECISION AND JUDGMENT ENTRY
{¶ 1} Oak Ridge Treatment Center Acquisition Corporation ("Oak Ridge") appeals from a municipal court judgment awarding $1,370.00 to Roberta Ervin for paid time off ("PTO") she had accrued but not used when Oak Ridge terminated her employment. The trial court found the provision of the Oak Ridge Employee Handbook stating employees who resign or are terminated are not entitled to payment for their accrued but unused PTO violates public policy. Because Oak Ridge's PTO policy is enforceable, Ervin was not entitled to PTO payment after her discharge from employment. Accordingly, we reverse the trial court's judgment.
 I. FACTS {¶ 2} Oak Ridge employed Ervin as an hourly paid licensed practical nurse. In September 2002, Ervin signed a form acknowledging her receipt of a copy of the Oak Ridge Employee Handbook, which sets forth the company's "personnel policies, work rules, wage and benefit information, and other terms and conditions of employment" for its employees. The employee handbook expressly states that employment with Oak Ridge is "at will" and that Oak Ridge can terminate the employment relationship "at any time, with or without cause".
 {¶ 3} The employee handbook contains provisions setting forth various benefits, including PTO, which the company provides to its employees. Most of these provisions are not relevant to this appeal. Oak Ridge's policy concerning payment of PTO to employees who resign or are terminated appears in the employee handbook PTO provision entitled "Resignation/Termination", which states:
Upon resignation/termination from the company, an employeewill not be paid for any unused and accrued time in the PTO account.
(Emphasis in original.)
 {¶ 4} The employee handbook also reserves to Oak Ridge the right to modify or add to the handbook's provisions as it deems appropriate. In early 2005, Oak Ridge instituted a timekeeping policy for its hourly employees concerning the punching in and out of their time cards. The new policy provided:
 * * *
"You must never punch a time card that is not yours, and you must never allow another person to punch your time card.Punching another person's time card, or having another personpunch your time card is grounds for immediate termination of bothindividuals."
 * * *
(Emphasis in original).
 {¶ 5} In April 2005, Oak Ridge terminated Ervin's employment for punching out another employee's time card, in violation of the policy. Following her termination, Ervin filed a complaint in the small claims division of municipal court seeking monetary compensation for the number of hours of PTO she had accrued but not used at the time Oak Ridge discharged her. After hearing the evidence, the magistrate ruled that Oak Ridge's PTO policy for employees who resign or are terminated from employment is void as against public policy. Over Oak Ridge's timely objections, the trial court adopted the magistrate's decision and entered judgment in favor of Ervin in the amount of $1,370.00, representing the monetary equivalent of Ervin's PTO account at the time Oak Ridge terminated her employment.
 II. ASSIGNMENTS OF ERROR {¶ 6} Oak Ridge appeals from the trial court's judgment and raises three assignments of error:
Assignment of Error #1: The Trial Court erred as a matter of law by failing to apply the principals of contract law in the instant case, and by not entering Judgment in favor of the Appellant.
Assignment of Error #2: The Trial Court abused its discretion when it ruled the Appellant's company policy, contained in the employee handbook, was against public policy.
Assignment of Error #3: The Trial Court's judgment in favor of the Appellee was against the manifest weight of the evidence.
 III. ANALYSIS {¶ 7} Oak Ridge's assignments of error are interrelated. Together they assert the trial court erred as a matter of law in determining that Oak Ridge's PTO policy is against public policy and therefore, unenforceable. Arguing that the PTO provisions satisfy Ohio law, Oak Ridge contends judgment should be entered in its favor because Ervin is precluded from collecting payment for PTO upon termination of her employment. We review matters of law on a de novo basis.
 {¶ 8} As expressly provided in Oak Ridge's Employee Handbook, and in accord with Ohio law, Ervin's employment with Oak Ridge was "at will". Thus, Oak Ridge could terminate Sexton's employment at any time for any cause or no cause at all, subject to public policy or other exceptions recognized in Ohio law. See, e.g., Collins v. Rizkana (1995), 73 Ohio St.3d 65, 67;Finsterwald-Maiden v. AAA S. Cent. Ohio (1996),115 Ohio App.3d 442, 445. Although employee handbooks and policy manuals are not in and of themselves contracts of employment, they may define the terms and conditions of an at-will employment relationship if the employer and employee manifest an intention to be bound by them.Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 104;Finsterwald-Maiden, supra; Sowards v. Norbar, Inc. (1992),78 Ohio App.3d 545, 549; Winters-Jones v. Fifth Third Bank (May 27, 1999), Cuyahoga App. No. 75582.
 {¶ 9} Here, Ervin's continued employment after receiving the Oak Ridge Employee Handbook together with her claim for payment of accrued but unused PTO manifest her acceptance of Oak Ridge's PTO policy. See, Sowards, supra at 551; Winter-Jones, supra. The plain language of the PTO policy's "Resignation/Termination" provision unequivocally precludes payment of PTO to employees upon termination of their employment. Hence, based on the PTO policy's clear terms, an employee could not have a reasonable expectation of being entitled to PTO payment upon termination.
 {¶ 10} The court below nevertheless concluded that Oak Ridge's PTO provision precluding payment is against public policy and that Ervin is entitled to payment for the balance in her PTO account at the time her employment with Oak Ridge ended. It did so without giving any reason for this finding.
 {¶ 11} In Ohio, public policy violations in an employment context may exist when an employer enacts an employment policy that contravenes a clear public policy that is manifested in state or federal constitutions, statues, administrative regulations, or common law. See, Collins v. Rizkana (1995),73 Ohio St.3d 65, paragraph two of the syllabus; Painter v. Graley
(1994), 70 Ohio St.3d 377, paragraph three of the syllabus;Greeley v. Miami Valley Maintenance Contr., Inc. (1990),49 Ohio St.3d 228, paragraph two of the syllabus.
 {¶ 12} The trial court did not identify and our research has not revealed any state or federal law manifesting a clear policy requiring an employer to give employees PTO or to pay them for any accrued but unused PTO upon termination. Accordingly, when Oak Ridge did give PTO to its employees, it could establish the rules under which employees could receive the PTO. See, e.g.,Ammons v. Akromold, Inc. (May 20, 1998), Summit App. No. 18641.
 {¶ 13} Indeed, Ohio courts have enforced company policies that restrict or preclude payment for personal or vacation time upon termination of employment where, as here, the policies are clear and published in an employee handbook. See, Stanovic v.National City Corp. (July 22, 1998), Summit App. No. CA 18784, appeal not allowed, 84 Ohio St.3d 1439, (refusing to recognize former employee's claim that employer violated public policy through its policy limiting employees' ability to cash out unused vacation at termination); Winters-Jones, supra (holding that former employee was not entitled to payment for vacation time accrued but not used at the time she left her employment where the company's policy manual clearly stated that vacation time must be used during employment or is lost); Bologna v. I.H.S.,Inc. (Mar. 17, 1999), Summit App. No. 19218 (determining employee was not entitled to unused vacation pay at termination where employer's vacation policy stated that no paid time off would be paid out at termination). See also, Van Barg v. DixonTiconderoga Co., 152 Ohio App.3d 668, 2003-Ohio-2531 (holding employer was entitled to implement "use it or lose it" vacation policy prospectively, but could not apply the policy retroactively to divest terminated employee's vacation time accrued before the policy went into effect); Gans v.Express-Med, Inc. (Mar. 6, 2001), Franklin App. No. 00AP-548 (affirming company policy precluding employees from cashing out unused sick and vacation time if employment is terminated before employee's anniversary date); Spry v. Mullinax Ford (Nov. 13, 2000), Stark App. No. 2000CA00118 (enforcing written company policy requiring employee's continued employment on anniversary date to be entitled to payment for accrued vacation time).
 {¶ 14} The "Resignation/Termination" provision of Oak Ridge's PTO policy published in its employee handbook does not contravene a clear policy manifested in law. Thus, the provision is enforceable and not void as against public policy. Because the provision clearly states that an employee will not be paid for any accrued, unused time remaining in the employee's PTO account upon termination of employment, Ervin was not entitled to collect PTO payment after Oak Ridge terminated her employment. Accordingly, Oak Ridge's assignments of error are sustained, and the judgment is reversed.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.