DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals a summary judgment issued by the Lucas County Court of Common Pleas in favor of a lender in a foreclosure proceeding. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On September 16, 2004, appellant, Sonja J. Brown, purchased a home at 52 Rockingham Street in Toledo. To complete her purchase, appellant borrowed $80,000 from appellee, Neighborhood Housing Services of Toledo, Inc. Appellant executed a promissory note in favor of appellee in that amount, agreeing to monthly payments in the amount of $532.24. The note was secured by a mortgage on the property.
 {¶ 3} On May 2, 2007, appellee instituted the present foreclosure action with a complaint in which it alleged that appellant was in default on her payments.[1] Appellant filed an answer, admitting default, but suggesting irregularities with the loan. On September 21, 2007, appellant moved to dismiss the complaint.
 {¶ 4} Following the denial of appellant's motion to dismiss the complaint, appellee moved for summary judgment. In support of its motion, appellee submitted the affidavit of its executive director who averred that appellant had failed to make any payments on the note since May 1, 2006. According to the executive director's affidavit, pursuant to the terms of the note, appellant owed $77,049.76 plus interest of seven percent from that date.
 {¶ 5} Appellant did not immediately respond to appellee's motion, but moved to consolidate the foreclosure with a separate civil suit. When the trial court denied appellant's motion, she filed an "objection to [appellee's] motion for summary judgment." In this document, appellant did not deny the documents supporting appellee's motion, but *Page 3 
suggested that appellee breached a fiduciary duty that she maintained appellee had to protect her from an "uninhabitable" home. Appellee responded, pointing out that appellant's response included no affidavits or other evidentiary material which would create a question of material fact. Appellee reiterated its position that it was entitled to judgment as a matter of law.
 {¶ 6} Appellant answered appellee's response, but again failed to submit any evidentiary material to rebut appellee's affidavit. On June 6, 2008, the trial court found appellee's motion well-taken and granted summary judgment. An order of sale followed. From these judgments, appellant now brings this appeal. Appellant sets forth the following, which she characterizes as a "statement of errors:"
 {¶ 7} "* * * [Referencing back to what constitutes an illegal contract; I cannot default on an illegal contract. Wherefore, this first assignment of error indicates that a default exists on an illegal contract that never should have been entered into in the first place, is moot.
 {¶ 8} "Second assignment of error, Judge Doneghy granted motion for summary judgment stating that I have not established a genuine issue of material fact that entitles judgment with regard to Neighborhood Housing Services (NHS) breach of fiduciary duty (Opinion and Judgment p. 2.) My claims arise under (1) Contract Law: An agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law . . . for breach of which the law gives a remedy . . . Blacks Law Dictionary p. 341." *Page 4 
 {¶ 9} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 10} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 11} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. *Page 5 
 {¶ 12} At the outset, we note that on appeal appellate courts are limited in consideration to the record as it is defined by App. R. 9(A):
 {¶ 13} "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. * * *"
 {¶ 14} We may consider nothing outside that record. Lamar v.Marbury (1982), 69 Ohio St.2d 274, 278. Although appellant has submitted copious material with her reply brief, none of this material was before the trial court in this matter; therefore, none of it is in the record we may consider.
 {¶ 15} Appellant argues that she should be relieved of her responsibilities under the note because appellee breached its fiduciary duty to her. Ordinarily, a lender owes no fiduciary duty to a borrower.Stone v. Davis (1982), 66 Ohio St.2d 74, 78, citing Umbaugh Pole Bldg.Co. v. Scott (1979), 58 Ohio St.2d 282, 287. Consequently, for appellant to establish such a duty as an exception to the rule, she would have had to have submitted some evidence to the trial court of special circumstances which might give rise to such an exception. Since she did not, a breach of such duty is unavailable in her defense.
 {¶ 16} The historic prerequisites for a party seeking to foreclose a mortgage are, "* * * execution and delivery of the note and mortgage; valid recording of the mortgage; default; and, establishing an amount due." Equitable Fed. S. L. Assn. v. Hopton *Page 6 
(Oct. 28, 1985), 5th Dist. No. CA-6664. In this matter, appellee's documents and affidavit as well as appellant's own admission of default establish these elements. Appellant presented no evidentiary material in response to appellee's summary judgment motion which might give rise to a material question of fact. Consequently, appellee was entitled to judgment as a matter of law. Accordingly, both of appellant's assignments of error are not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. JUDGE
[1] Others included as defendants with an interest in the property were Lagrange Development Corp., city of Toledo Public Utilities and the Lucas County Treasurer. *Page 1