[Cite as *Fifth Third Mtge. Co. v. Rankin*, 2011-Ohio-2757.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| Fifth Third Mortgage Company, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 10CA45 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| John Rankin, et al., | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendants-Appellants. | : | File-stamped date: 6-02-11 |

<u>APPEARANCES:</u>

John Rankin, Williamsport, Ohio, pro se, Appellant.

Melissa N. Meinhart, Manley Deas Kochalski, L.L.C., Columbus, Ohio, for Appellee.

Kline, J.:

**{¶1}** Fifth Third Mortgage Company (hereinafter "Fifth Third") filed a complaint in foreclosure against John Rankin (hereinafter "Rankin"), and the Pickaway County Court of Common Pleas found for Fifth Third on summary judgment. On appeal, Rankin contends that the trial court erred in granting summary judgment to Fifth Third. We disagree. Instead, we find the following: (1) there are no genuine issues of material fact; (2) Fifth Third is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion, and that conclusion is adverse to Rankin. Next, Rankin contends that the trial court erred when it denied his motion for a continuance. Because the trial court acted within its discretion, we disagree. Finally, Rankin contends that the trial court erred when it denied his motion for leave to file an amended

answer and counterclaim.  We, however, disagree.  Because of the vagueness of Rankin's motion, we cannot find that the trial court abused its discretion.  Accordingly, we overrule Rankin's assignments of error and affirm the judgment of the trial court.

I.

{¶2}     Rankin had an adjustable-rate mortgage with Fifth Third.  Under the mortgage, Rankin's interest rate was subject to change on the first day of each year, starting January 1, 2007.

{¶3}     On July 29, 2010, Fifth Third filed a complaint for foreclosure against Rankin.  Fifth Third alleged that Rankin had defaulted on his mortgage and owed $127,904.69 in principal, plus interest and late fees.  In his answer, Rankin stated that he reserved the right to amend his "answer with a Counterclaim as may be appropriate following further discovery."

{¶4}     On August 17, 2010, Rankin filed his first set of discovery requests.  Rankin's request included sixteen interrogatories, fourteen requests for the production of documents, and nine requests for admission.  Fifth Third responded to Rankin's discovery request on September 23, 2010.

{¶5}     On September 24, 2010, Fifth Third filed its motion for summary judgment.  Along with its motion, Fifth Third produced the affidavit of a "duly authorized representative of Fifth Third Mortgage Company [who had] custody of, and maintain[ed] records related to, the promissory note and mortgage that are the subject of this foreclosure action."  The affiant testified, in part, (1) that Rankin was "in default because monthly payments have not been made" and (2) that "principal in the amount of $127,904.69" is due on the note.

{¶6}     On September 27, 2010, Rankin filed his second set of discovery requests.

{¶7}     On September 28, 2010, Rankin filed his motion for a continuance. Essentially, Rankin claimed that Fifth Third did not comply with his discovery requests, and, as a result, Rankin asked for a ninety-day continuance so that he could obtain the appropriate discovery and properly oppose the motion for summary judgment. On October 1, 2010, the trial court (1) denied the request for a continuance and (2) stated that Rankin's response to the motion for summary judgment would have "to be filed by the deadline of October 8, 2010[,] as provided in Local Rule [section] 6.08."

{¶8}     On September 30, 2010, Rankin filed his motion for leave to file an amended answer. Essentially, Rankin asked for leave to file an unspecified counterclaim. The trial court, however, never expressly ruled on this particular motion.

{¶9}     On October 6, 2010, Rankin filed his motion to reconsider ruling on motion for continuance. This time, Rankin asked for a sixty-day continuance. However, before the trial court ruled on his motion to reconsider, Rankin filed his opposition to Fifth Third's motion for summary judgment. Then, on October 20, 2010, the trial court denied Rankin's motion for reconsideration.

{¶10}     Eventually, the trial court granted Fifth Third's motion for summary judgment. Furthermore, the trial court ordered that, "unless the sums found to be due to [Fifth Third] are fully paid within three (3) days from the date of the entry of this decree, the equity of redemption * * * shall be foreclosed and the Property shall be sold free of the interests of all parties to this action." Judgment Entry and Decree in Foreclosure at 5.

{¶11}     Rankin appeals and asserts the following three assignments of error: I. "The Trial Court erred by granting the Appellee's Motion for Summary Judgment. Decision,

November 24th, 2010 (Record 63, Appendix C); and Judgment Entry, December 6th, 2010 (Record 64, Appendix D)." II. "The Trial Court erred by not granting a continuance to the Appellant so that discovery could be obtained. Order, October 1st, 2010 (Record 43); Order, October 20th, 2010 (Record 50). Failure to rule; Objection was filed on November 1st, 2010 (Record 58)." And, III. "The Trial Court erred by not granting leave to the Appellant to amend [h]is answer and assert a Counter-Claim. Failure to rule; Motion was fully briefed on October 8th, 2010 (Record 41,79,45)."

II.

**{¶12}** In his first assignment of error, Rankin contends that the trial court erred in granting Fifth Third's motion for summary judgment. "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, at ¶8. Summary judgment is appropriate only when the following have been established: (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). See, also, *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146; *Grimes v. Grimes*, Washington App. No. 08CA35, 2009-Ohio-3126, at ¶14. In ruling on a motion for summary judgment, the court must construe the record and all inferences that arise from it in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 1994-Ohio-531, superseded by statute on other grounds.

**{¶13}** The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294,

1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). See, also, *Dresher* at 294-295; *Grimes* at ¶15.

**{¶14}** "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Grimes* at ¶16 (citation omitted). "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 412. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809; *Grimes* at ¶16.

### A. Overview

**{¶15}** "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *First Natl. Bank of Am. v. Pendergrass*, Erie App. No. E-08-048, 2009-Ohio-3208, at ¶21, citing *Neighborhood Housing Servs. of Toledo, Inc. v. Brown*, Lucas App. No. L-08-1217, 2008-Ohio-6399, at ¶16. Rankin does not dispute the execution, delivery, or recording of the mortgage. Moreover, Rankin does not claim that he is up-to-date on his monthly payments. Instead, Rankin argues that Fifth Third has failed to establish the proper amount due. Under this argument, Rankin claims that Fifth Third erred in two distinct ways. First, Rankin argues that Fifth Third erred in determining the adjustable interest rate for 2008. And second, Rankin argues that Fifth

Third miscalculated his daily interest rate throughout the life of the mortgage. For these reasons, Rankin contends that Fifth Third misapplied his mortgage payments, which created "an incorrect principal balance." Brief of Appellant at 12. We will address these arguments in the next three sections.

### B. The Current Index Under the Adjustable Rate Rider

{¶16}    Rankin argues that there is a genuine issue of material fact as to whether Fifth Third miscalculated the interest on his Adjustable Rate Mortgage. To address this argument, we must interpret the mortgage agreement between Rankin and Fifth Third. "The construction and interpretation of contracts are matters of law." *Boggs v. Columbus Steel Castings Co.*, Franklin App. No. 04AP-1239, 2005-Ohio-4783, at ¶5, citing *Latina v. Woodpath Dev. Co.* (1991), 57 Ohio St.3d 212, 214. "We review matters of law on a *de novo* basis." *Ervin v. Oak Ridge Treatment Ctr. Acquisition Corp.*, Lawrence App. No. 05CA27, 2006-Ohio-3851, at ¶7.

{¶17}    "In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties." *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53. "'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.'" *McLaughlin v. McLaughlin*, Athens App. No. 00CA14, 2001-Ohio-2450, quoting *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, at paragraph one of the syllabus. "Language in the contract must be given its plain and ordinary meaning unless another meaning is clearly apparent from the contents of the contract." *McLaughlin v. McLaughlin*, 178 Ohio App.3d 419, 2008-Ohio-5284, at ¶16, citing *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶11 (other citation omitted).

**{¶18}**     The mortgage agreement's Adjustable Rate Rider contains the following language:  "Beginning with the first Change Date, my interest rate will be based on an Index.  The 'Index' is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board.  The most recent Index figure available as of the date 45 days before each Change Date is called the 'Current Index.'

**{¶19}**     "* * *

**{¶20}**     "Before each Change Date, the Note Holder will calculate my new interest rate by adding Three and Three-Quarters (3.7500%) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date."

**{¶21}**     Essentially, Rankin argues that Fifth Third used the wrong Index figure to determine the Current Index for the January 1, 2008 Change Date.  Rankin and Fifth Third agree that November 17, 2007, was forty-five days before the Change Date and, therefore, the appropriate day for determining the Current Index.  But Rankin and Fifth Third disagree as to how the Current Index should have been determined.

**{¶22}**     The Federal Reserve releases statistical information in weekly H.15 reports.  (In the proceedings below, Fifth Third produced several hard copy printouts from the Federal Reserve's website.  One of these printouts states that the Federal Reserve releases H.15 statistical information "each Monday, generally at 2:30 p.m., unless Monday is a federal holiday, in which case the data will be released on Tuesday, generally at 2:30 p.m.").  According to the November 13, 2007 H.15 report, the weekly

average yield on United States Treasury securities was 3.72%. Therefore, from the evidence, we can determine the following: (1) Saturday, November 17, 2007, was the appropriate day to determine the Current Index; (2) based on the November 13, 2007 H.15 report, Fifth Third determined that 3.72% was the Current Index; and (3) the Federal Reserve did not release another weekly H.15 report until November 19, 2007. Despite all this, Rankin contends that Fifth Third should have calculated the weekly average yield based on the daily yields reported on November 13, 14, 15, and 16 (according to Rankin, the Federal Reserve makes the daily numbers available at 6pm). Thus, Rankin argues Fifth Third should have determined that the Current Index would have been 3.58% – even if the Federal Reserve had not yet released the November 19, 2007 H.15 report.

**{¶23}** Here, the plain language of the Adjustable Rate Rider clearly contradicts Rankin's argument. As the language indicates, the Index "is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, *as made available by the Federal Reserve Board*." (Emphasis added.) And although Rankin believes that Fifth Third should have performed its own calculations to determine the Current Index, the figure derived from those calculations would not have been *made available* by the Federal Reserve. Rather, that figure would have been Fifth Third's own assessment of the weekly average yield.

**{¶24}** Furthermore, Rankin's proposed interpretation of the contract language renders the words "most recent" meaningless, unnecessary, or superfluous. See *Capital City Community Urban Redevelopment Corp. v. City of Columbus*, Franklin App. No. 08AP-769, 2009-Ohio-6835, at ¶30 ("When interpreting a contract, we will presume

that words are used for a specific purpose and will avoid interpretations that render portions meaningless or unnecessary."), citing *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, at ¶50; see, generally, *Columbia Gas of Ohio, Inc. v. Larson Consol., Inc.* (Dec. 15, 1999), Lorain App. No. 98CA007190 (refusing to interpret a contract in a manner that would render terms superfluous).  Again, the Adjustable Rate Rider states that "[t]he *most recent* Index figure available as of the date 45 days before each Change Date is called the 'Current Index.'"  (Emphasis added.)  If, as Rankin suggests, Fifth Third should have calculated the average weekly yield on November 17, 2007, the reference to "the most recent Index figure" would be unnecessary.  This is so because, according to Rankin's interpretation of the Adjustable Rate Rider, Fifth Third could have calculated the Current Index on *any day* without reference to the weekly H.15 reports.  Indeed, Rankin's interpretation of the Adjustable Rate Rider makes far more sense if we excluded the words "most recent."

**{¶25}**      "When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties."  *Shifrin v. Forest City Ent., Inc.*, 64 Ohio St.3d 635, 638, 1992-Ohio-28, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246.  And here, it is clear and unambiguous that the Current Index was to be derived from the Federal Reserve's weekly H.15 reports.  In these reports, the Federal Reserve makes available the "weekly average yield on United States Treasury securities adjusted to a constant maturity of one year."  The Federal Reserve does *not* make available the "*weekly* average yield on United States Treasury securities adjusted to a constant maturity of one year" in its daily reports.  Finally, by using the term "most recent," it is clear that the

Current Index information would not be available on a daily basis. Thus, if we were to follow Rankin's interpretation of the Adjustable Rate Rider, we would have to ignore certain words, add additional terms, and, in essence, create a new contract. We refuse to do so.

{¶26}    Because the contract is clear and unambiguous, we find that Fifth Third did not miscalculate the adjustable interest rate for 2008. To adjust the interest rate, Fifth Third correctly used the Current Index information as found in the November 13, 2007 H.15 report. Accordingly, as it relates to the determination of the Current Index, there are no genuine issues of material fact.

### C. 360 Day Interest Standard

{¶27}    Under his first assignment of error, Rankin also claims that "[t]he daily interest rate was calculated incorrectly, by using a 360 day standard and not the annual one defined by the Note." Brief of Appellant at 12. Here, aside from Rankin's own affidavit, there is *no evidence* that Fifth Third used an incorrect standard to calculate the daily interest under the mortgage agreement. And "self-serving affidavits, unsupported and without corroborating evidentiary materials, are not sufficient to create a genuine issue of material fact on summary judgment[.]" *Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, 176 Ohio App.3d 54, 2008-Ohio-1490, at ¶46, citing *Am. Heritage Life Ins. Co. v. Orr* (C.A.5, 2002), 294 F.3d 702, 710. Thus, as it relates to the calculation of the daily interest rate, Rankin has not established any genuine issues of material fact.

### D. Incorrect Principal Balance

{¶28}    Finally, Rankin argues that "the application of additional payments and over payments were misapplied, thus creating an incorrect principal balance."  Brief of Appellant at 12.  Essentially, Rankin's third argument relies on his first two arguments.  That is, Rankin claims (1) that he overpaid his mortgage based on Fifth Third's miscalculations and (2) that his overpayments were not applied to the principal balance.  Here, we have already found that there are no genuine issues of material fact related to the calculation of Rankin's interest rate.  Thus, Rankin cannot establish a genuine issue of material fact as to whether he overpaid the mortgage principal.  Again, Rankin's self-serving affidavit will not create a genuine issue of material fact.

E. Conclusion

{¶29}    After construing the record and all inferences therefrom in Rankin's favor, we find the following: (1) there are no genuine issues of material fact; (2) Fifth Third is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion, and that conclusion is adverse to Rankin.  Accordingly, we overrule his first assignment of error.

III.

{¶30}     In his second assignment of error, Rankin contends that the trial court erred when it denied his request for a continuance.  We disagree.

{¶31}    "Pursuant to Civ.R. 56(F), a party may seek additional time in which to develop the facts needed to adequately oppose a motion for summary judgment. * * * Absent an abuse of discretion, an appellate court will not reverse a trial court's ruling on a Civ.R. 56(F) motion."  *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, at ¶100, citing *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and*

*Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, at ¶9 (other internal citations omitted).  An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶32}**    Civ.R. 56(F) provides: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

**{¶33}**    Rankin requested a continuance because he wanted to obtain further discovery regarding Fifth Third's alleged interest miscalculations.  But here, the trial court could have reasonably concluded that further discovery would have been fruitless. Therefore, we cannot find that the trial court abused its discretion by denying Rankin's request for a continuance.  See, generally, *Doriott v. MVHE, Inc.*, Montgomery App. No. 20040, 2004-Ohio-867, at ¶41 ("A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. * * * However, the court must be convinced that there is a likelihood of discovering some such facts.") (internal citations omitted).  In his motion for a continuance, Rankin claimed that "proof ha[d] already been developed concerning the truth of [Fifth Third's] miscalculations and breaches[.]"  Therefore, Rankin argued that he needed additional discovery "to determine the complete extent of [Fifth Third's] overcharges."  Motion for Continuance of Motion for Summary Judgment at 4.  In other words, Rankin claimed that he needed

further discovery merely to prove damages. But both the trial court and this court have found that there are no genuine issues of material fact related to the alleged interest miscalculations. And because Rankin cannot show that Fifth Third miscalculated his mortgage interest, the question of damages is immaterial. As a result, Rankin failed to demonstrate a likelihood of uncovering any pertinent facts, and "the trial court was not under any obligation to permit [Rankin] to conduct a fishing expedition[.]" *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668.

**{¶34}** Accordingly, we overrule Rankin's second assignment of error.

IV.

**{¶35}** In his third assignment of error, Rankin contends that the trial court erred when it denied his motion for leave to file an amended answer and counterclaim. (Although the trial court did not explicitly rule on Rankin's motion, "motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment." *Savage v. Cody-Ziegler, Inc.*, Athens App. No. 06CA5, 2006-Ohio-2760, at ¶28.)

**{¶36}** "The decision to grant or deny a motion for leave to amend a pleading is within the sound discretion of the trial court. * * * Thus, we will not reverse a court's decision denying a motion for leave to amend, absent an abuse of discretion." *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, at ¶28 (internal citations omitted).

**{¶37}** Rankin's motion for leave implicates both Civ.R. 15(A) and Civ.R. 13(F). Under Civ.R. 15(A), "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial

calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."  And under Civ.R. 13(F), "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

**{¶38}**     "Once an answer to a complaint has been served, a party may amend its pleading only by leave of court or by written consent of the adverse party. * * * The rule favors a liberal policy when the trial court is faced with a motion to amend a pleading beyond the time limit that automatically allows such amendments."  *Mollette* at ¶27 (internal citations omitted).  Here, Rankin's motion to amend came after the time limit for an amendment as a matter of course.  As a result, to assert his counterclaim, Rankin needed the leave of the court or the written consent of Fifth Third.

**{¶39}**     As it relates to Rankin's motion to amend, we cannot find that the trial court acted arbitrarily, unreasonably, or unconscionably.  Of course, we recognize (1) that courts should liberally construe Civ.R. 15(A) and Civ.R. 13(F) and (2) that a "motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party."  *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 6 (citation omitted).  See, also, *Reinhart v. Fostoria Plumbing, Heating & Elec. Supply, Inc.*, Seneca App. No. 13-10-08, 2010-Ohio-4825, at ¶10 (stating that courts liberally interpret Civ.R. 15(A) and Civ.R. 13(F)); *Stark v. Baker* (Jan. 26, 1984), Cuyahoga App. No. 46962 ("[T]he liberal amendment standard of 15(A) has been applied in the federal jurisdiction to the 13(F) situation: leave of the court to set up a counterclaim shall also

be 'freely given[.]'") (citation omitted).  Nevertheless, we also recognize the requirements of Civ.R. 7(B)(1), which states that a "motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  And because of the vagueness of Rankin's motion, we cannot find that the trial court abused its discretion in denying Rankin's motion to amend his answer and assert a counterclaim.  Here, Rankin failed to state precisely what counterclaim he hoped to assert.  Instead, Rankin merely stated that he wanted to file some unspecified "counter-claim."  Therefore, Rankin failed to (1) state with particularity the grounds for his motion or (2) set forth the relief sought.  Even on appeal, Rankin cannot say what his desired outcome would be – that is, what counterclaim he might possibly assert had the trial court granted his motion.  Therefore, we cannot find that the trial court abused its discretion.

**{¶40}**     Accordingly, we overrule Rankin's third assignment of error.  Having overruled all of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Not Participating.



For the Court


BY:_____
       Roger L. Kline, Judge




### **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**