[Cite as *Chase Home Fin., L.L.C. v. Heft*, 2012-Ohio-876.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

CHASE HOME FINANCE, L.L.C.,
NKA JP MORGAN CHASE BANK, N.A.,

      PLAINTIFF-APPELLEE,              CASE NO. 8-10-14

      v.

BRIAN L. HEFT,

      DEFENDANT-APPELLANT,
      -and-                    O P I N I O N

PNC BANK, ET AL,

      DEFENDANTS-APPELLEES.

---

CHASE HOME FINANCE, L.L.C.,
NKA JP MORGAN CHASE BANK, N.A.,

      PLAINTIFF-APPELLEE,

                        CASE NO. 8-11-16

      v.

BRIAN L. HEFT,

      DEFENDANT-APPELLANT,
      -and-                    O P I N I O N

PNC BANK, ET AL,

      DEFENDANTS-APPELLEES.

**Appeals from Logan County Common Pleas Court**
**Trial Court No. CV 10 01 0023**

**Judgments Affirmed**

**Date of Decision:    March 5, 2012**

**APPEARANCES:**

> ***Brian L. Heft,* Appellant**

> ***Laura A. Hauser and Jason R.  Harley*  for Appellee, JP Morgan**

**PRESTON, J.**

{¶1} Defendant-appellant, Brian L. Heft ("Heft"), pro se, appeals the Logan County Court of Common Pleas' grant of summary judgment in favor of plaintiff-appellee, Chase Home Finance, L.L.C.[1] ("Chase"), on their foreclosure complaint and judgment denying his subsequent motion for relief from that judgment entry. For the reasons that follow, we affirm.

{¶2} On May 28, 2004, Heft executed a promissory note with CTX Mortgage Company, L.L.C. ("CTX") for a loan in the amount of $148,000.00 to

---

[1] Although no filing appears in the record, Chase Home Investments, Inc. was later merged into J.P. Morgan Chase Bank ("JPMC") as a matter of public record. *See* http://www.occ.gov/static/interpretations-and-precedents/may11/ca996.pdf.

purchase a home. (Doc. No. 1, Ex. A). The note provided that the interest rate would be 5.5% yearly and payments would commence on July 1, 2005. (*Id*.). The promissory note also included a construction loan note addendum. (*Id*.). To secure payment of the promissory note, Heft and his wife, Bridget A. Heft ("Bridget"), executed a mortgage against the real property at 413 Highview Drive, Bellefontaine, Ohio. (*Id*., Ex. C).

{¶3} On December 22, 2004, Heft and Bridget executed a loan modification agreement with CTX to alter some of the terms of the note and mortgage. (*Id*., Ex. B). In relevant part, the modification agreement provided that the principal of the loan was $148,000.00; the interest rate would be 5.875% yearly; and that payments would commence on February 1, 2005. (*Id*.).

{¶4} Beginning in February 2009, Heft failed to make monthly payments under the terms of the note and mortgage. (Cottrell Aff., Doc. No. 35).

{¶5} On January 6, 2010, the mortgage was assigned to Chase. (Doc. No. 1, Ex. E). On January 15, 2010, Chase filed a complaint in foreclosure against Heft, Bridget, the Logan County Treasurer ("Treasurer"), PNC Bank successor by merger to National City Bank ("PNC"), and Capital One Bank ("Capital One") relative to the Heft's home. (Doc. No. 1).

{¶6} On February 8, 2010, Heft filed a motion to stay the proceedings. (Doc. No. 21). The trial court treated the filing as a motion for additional time to

answer or respond to the complaint and granted Heft until March 30, 2010 to move or otherwise plead. (Doc. No. 23).

**{¶7}** On February 19, 2010, PNC filed its answer. (Doc. No. 25). On March 5, 2010, the Treasurer filed its answer. (Doc. No. 26). On March 29, 2010, Heft filed his answer. (Doc. No. 27).

**{¶8}** On April 20, 2010, Chase filed a motion seeking default judgment against Bridget and Capital One. (Doc. No. 29). On that same day, Chase filed a motion for summary judgment. (Doc. No. 34). On April 23, 2010, Heft filed a motion for summary judgment and motion to dismiss the complaint. (Doc. No. 38).

**{¶9}** On May 12, 2010, Heft filed a memorandum in opposition to Chase's motion for summary judgment. (Doc. No. 43). On May 13, 2011, Chase filed a reply in opposition to Heft's motion for summary judgment and motion to dismiss. (Doc. No. 44). On May 21, 2010, Chase filed a reply in support of its motion for summary judgment. (Doc. No. 45).

**{¶10}** On June 10, 2010, the trial court issued a decision finding Chase was entitled to summary judgment and denying Heft's cross-motion for summary judgment and motion to dismiss. (Doc. No. 46). The trial court's decision instructed Chase to draft and submit a judgment entry. (*Id*.).

{¶11} On June 25, 2010, Heft filed a Civ.R. 60(B) motion to set aside the trial court's decision, alleging that he was denied due process of law and issues of material fact precluded summary judgment under Civ.R. 56(C). (Doc. No. 48).

{¶12} On July 7, 2010, Heft filed a motion to stay execution and waive the supersedes bond. (Doc. No. 51). On that same day, Heft also filed a notice of appeal from the trial court's decision, which was assigned case no. 8-10-08. (Doc. Nos. 51-52, 55).

{¶13} On July 14, 2010, the trial court denied Heft's motions to stay execution, waive the supersedes bond, and relief from judgment. (Doc. No. 59). On that same day, the trial court filed its judgment entry granting summary judgment and decree in foreclosure. (Doc. No. 60). In that judgment entry, the trial court also found that Bridget and Capital One were in default. (*Id.*)

{¶14} On July 26, 2010, this Court dismissed Heft's appeal in case no. 8-10-08 for lack of a final appealable order since the journal entry Heft appealed instructed Chase to draft and submit a judgment entry of foreclosure. (Doc. No. 65).

{¶15} On July 28, 2010, Heft filed a motion for reconsideration/clarification of the trial court's judgment. (Doc. No. 66). On July 29, 2010, Chase filed a praecipe for order of sale of the property. (Doc. No. 69).

{¶16} On August 4, 2010, Heft filed a motion to stay execution. (Doc. No. 71). On that same day, Heft also filed a notice of appeal from the trial court's July 14, 2010[2] judgment entry granting summary judgment to Chase. (Doc. No. 72). That appeal was assigned case no. 8-10-14. On August 9, 2010, Chase filed a memorandum in opposition to Heft's motion for reconsideration/clarification. (Doc. No. 75). On August 11, 2010, the trial court denied Heft's motion for reconsideration/clarification and motion to stay execution. (Doc. No. 79).

{¶17} A sheriff's sale of the property was scheduled for September 22, 2010. (Doc. No. 83). On September 20, 2010, Heft filed a notification of filing bankruptcy and emergency motion to stay. (Doc. No. 86). On September 21, 2010, the trial court filed an entry staying the proceedings pursuant to Section 362 of the United States Bankruptcy Code and cancelling the pending sheriff's sale. (Doc. No. 87).

{¶18} On July 8, 2011, Heft filed a motion to lift the stay for the purpose of ruling upon a simultaneously filed Civ.R. 60(B) motion. (Doc. Nos. 94-95). On that same day, Heft filed a motion in this Court to remand the matter to the trial court for purposes of ruling upon his Civ.R. 60(B) motion since his bankruptcy case had been dismissed.

---

[2] The date provided in the notice of appeal was July 24, 2010; however, Heft attached the July 14, 2010 judgment entry to the notice of appeal.

{¶19} On July 12, 2011, the trial court denied Heft's motions, finding that it lacked jurisdiction to rule upon them since Heft had a pending appeal. (Doc. No. 96). On July 22, 2011, we vacated our previous stay order and remanded the case back to the trial court to rule upon Heft's Civ.R. 60(B) motion. (Doc. No. 98).

{¶20} On August 16, 2011, the trial court denied Heft's Civ.R. 60(B) motion. (Doc. No. 103). On September 15, 2011, Heft filed a notice of appeal from this judgment entry, which was assigned appellate case no. 8-11-16. (Doc. No. 106).

{¶21} Heft now appeals raising four assignments of error.[3] Heft raises two assignments of error (Nos. 1 & 6) regarding the trial court's denial of his Civ.R. 60(B) motion (appellate case no. 8-11-16) and two assignments of error (Nos. 2 & 3) regarding the trial court's grant of summary judgment (appellate case no. 8-10-14). We elect to address Heft's assignments of error regarding the grant of summary judgment first, combining them for discussion.

**ASSIGNMENT OF ERROR NO. II**

**THE APPELLEE DOES NOT HAVE STANDING TO BRING THE CURRENT ACTION BECAUSE THE ASSIGNMENT OF MORTGAGE WAS NOT PROPERLY EXECUTED WHEN APPELLEE'S EMPLOYEE ENGAGED IN ROBO-SIGNING.**

**ASSIGNMENT OF ERROR NO. III**

---

[3] Heft raised six assignments of error in his brief; however, on January 30, 2012 and just one day prior to the scheduled oral argument, Heft withdrew assignments of error four and five. As such, we will not consider assignments of error four and five herein. For purposes of our opinion, though, we will refer to the assignments of error by the number designated in Heft's brief.

**THE APPELLEE DOES NOT HAVE STANDING TO BRING THE CURRENT ACTION BECAUSE THE ASSIGNMENT OF MORTGAGE WAS NOT PROPERLY EXECUTED WHEN APPELLEE'S EMPLOYEE WAS SIMULTANEOUSLY REPRESENTING THE ORIGINAL MORTGAGE COMPANY, MERS, AND THE PLAINTIFF, WHICH DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW.**

**{¶22}** In his second and third assignments of error, Heft argues that the trial court erred in granting Chase summary judgment since Chase lacked standing to initiate the foreclosure action when its employee, Beth Cottrell, "robo-signed"[4] the assignment of mortgage. Heft further argues that Beth Cottrell's affidavit, which Chase filed in support of its summary judgment motion, may have been signed without regard for its truth. Finally, Heft argues that Cottrell appears to have represented all three parties at the time she executed the assignment of mortgage.

**{¶23}** We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels*

---

[4] "Robo-signing" occurs when bank employees tasked with rapidly signing large numbers of affidavits and legal documents asserting the bank's right to foreclose sign such documents without actually checking them to ensure their accuracy. *See Ohio v. GMAC Mortg., L.L.C.*, 760 F.Supp.2d 741, 743 (N.D. Ohio 2011).

*v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

**{¶24}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once this burden has been satisfied, the non-moving party has the burden to offer specific facts, in the manner prescribed in Civ.R. 56(E), showing a genuine issue for trial. *Id.* at 293. "Material facts" are those "that might affect the outcome of the suit under the governing law * * *." *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986); *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218-219, 520 N.E.2d 198 (1988).

**{¶25}** "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *First Natl. Bank of Am. v. Pendergrass*, 6th Dist. No. E-08-048, 2009-Ohio-3208, ¶ 21, citing *Neighborhood Housing Services of Toledo, Inc. v. Brown*, 6th Dist. No. L-08-1217, 2008-Ohio-6399, ¶ 16. Nevertheless, because foreclosure is equitable relief, "the simple assertion of the

elements of foreclosure does not require, as a matter of law, the remedy of foreclosure." *PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061, 940 N.E.2d 662, ¶ 35 (3d Dist.), citing *Pendergrass* at ¶ 22.  As an equitable remedy, a trial court's decision to grant foreclosure is reviewed for an abuse of discretion. *Id.*, citing *Buckeye Retirement Co., L.L.C. v. Walling*, 7th Dist. No. 05 MA 119, 2006-Ohio-7059, ¶ 16.  An "abuse of discretion" connotes more than a mere error in judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶26} In support of its summary judgment motion, Chase submitted an affidavit of Beth Cottrell, its assistant secretary, who averred that Chase is the holder of the note, loan modification agreement, mortgage, and assignment which are the subject of the foreclosure action and attached to her affidavit as exhibits "A," "B," "C," and "D". (Doc. No. 35).  Cottrell further averred that Heft was in default of payment under the terms of the attached note and mortgage, and Heft owed a principle balance of $139,857.47, together with interest thereon from January 1, 2009 at 5.875 percent per annum. (*Id.*).  The executed note, executed loan modification agreement, and executed mortgage were all attached evidencing the proper recording of the same in the Logan County Recorder's Office. (*Id.*). Consequently, Chase demonstrated the prerequisites for foreclosure and, thereby,

its initial burden of demonstrating the absence of genuine issues of material fact under Civ.R. 56(C).

**{¶27}** In response to the summary judgment motion, Heft filed an affidavit wherein he averred that he found irregularities in the loan documents, including a discrepancy concerning the applicable interest rate; he was incarcerated and seeking bankruptcy protection; he had previously asked Chase for assistance through current government programs aimed at stopping foreclosures, though he had not received any information from Chase in this regard; and "there [was] a true and genuine issue that brings into question the Plaintiff's position in this matter." (Doc. No. 43, attached). Heft's response to Chase's motion for summary judgment, in large part, echoed his answer, because he never actually denied his default of payment. (Answer, Doc. No. 27). Rather, Heft merely "objected" to the foreclosure proceedings since he had maintained a good payment history *prior to* February 2009 (the default date); he was "trying to work out something" with Chase; and foreclosure of the property would "create an undue hardship" upon his family since it is their primary residence. (*Id.*).

**{¶28}** The trial court did not err in granting summary judgment to Chase, because Heft never met his reciprocal burden to demonstrate a genuine issue of *material* fact precluding summary judgment. "[A]n adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's

response * * * must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). Heft's attempt at reaching a compromise with Chase throughout the proceedings does not create a material issue of fact concerning his liability on the note. In fact, throughout the proceedings Heft has never denied that he defaulted on his loan obligation. Moreover, Heft's mere averment that genuine issues of material fact remained was insufficient to preclude summary judgment. *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, 935 N.E.2d 70, ¶ 30 (10th Dist.).

{¶29} On appeal, Heft argues that Chase lacked standing to bring the foreclosure action for various reasons. However, Heft never raised Chase's alleged lack of standing in any of his pleadings or responsive motions *prior to* the trial court's grant of summary judgment. In fact, Heft never raised the issue of standing until filing his second Civ.R. 60(B) motion well after the trial court's grant of summary judgment in favor of Chase. (Doc. No. 95). As such, Heft has waived this issue for purposes of his appeal of the trial court's grant of summary judgment. *Shanklin v. Lowman*, 3d Dist. No. 8-10-07, 2011-Ohio-255, ¶ 33; *Swallie v. Rousenberg*, 190 Ohio App.3d 473, 2010-Ohio-4573, 942 N.E.2d 1109, ¶ 55 (7th Dist.); *Discover Bank v. Poling*, 10th Dist. No. 04AP-1117, 2005-Ohio-1543, ¶ 8.

{¶30} Heft's second and third assignments of error are, therefore, overruled.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT DEPRIVED APPELLANT HIS DUE PROCESS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS WHEN HIS MOTION TO SET ASIDE JUDGMENT PURSUANT TO CIV.R. 60(B) WAS DENIED BASED UPON AN EVIDENCE RULE RESERVED FOR THE TRIAL PROCESS; A 60(B) MOVANT NEED ONLY ALLEGE A MERITORIOUS DEFENSE WHICH MEANS THE EVIDENCE STANDARD IS LOWER THAN IN A TRIAL.**

### ASSIGNMENT OF ERROR NO. VI

**THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL WHEN HIS MOTION TO SET ASIDE JUDGMENT PURSUANT TO CIV.R. 60(B) WAS NOT GRANTED WHEN THERE WAS ALLEGED ROBO-SIGNED DOCUMENTS, WHICH, IF PROVED AT TRIAL, WOULD POTENTIALLY BE A VIOLATION OF OCSPA UNDER O.R.C. §1345.02 & §1345.031.**

{¶31} In his first assignment of error, Heft argues that the trial court erred in denying his Civ.R. 60(B) motion since it found that his submitted documentation would not be admissible at trial. Specifically, Heft argues that, for purposes of Civ.R. 60(B), he was not required to prove his meritorious defense, only allege it.

{¶32} In his sixth assignment of error, Heft argues that the trial court erred by not granting his Civ.R. 60(B) motion because Chase's act of robo-signing

documents constituted violations of the Ohio Consumer Sales Practices Act (OCSPA) under O.R.C. 1345.02 and 1345.031.

> **{¶33}** Civ.R. 60(B) provides, in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

In order to prevail on a motion brought pursuant to Civ.R. 60(B),

the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

All three elements must be established, and the test is not met if any one of these requirements is missing. *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 2005-Ohio-297, 824 N.E.2d 600, ¶ 11 (2nd Dist.).

{¶34} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140.

{¶35} In his motion for relief from judgment, Heft alleged that he was entitled to relief under Civ.R. 60(B)(1), (2), (3), and (5). (Doc. No. 95). The motion was filed on July 8, 2011, less than one year after the judgment entry of foreclosure. (*Id*.); (Doc. No. 60). As such, the record supports the trial court's conclusion that Heft's motion was timely filed. In support of his motion, Heft alleged that the validity of the assignment of mortgage was in question since Cottrell signed it, and the press had since reported that Cottrell admitted at a deposition that her staff and she signed legal documents without reviewing every file—a practice commonly referred to as "robo-signing." (Doc. No. 95). Since robo-signing "may well have been utilized" in this case, Heft argued, it raised a "question of fact" concerning Chase's standing to bring the foreclosure case, and thus, whether the trial court had subject matter jurisdiction to hear the case. (*Id*.). Heft further alleged that the notarization of the assignment of the mortgage may not have complied with R.C. 147.53 and 147.541 governing notaries, and that Chase's possible use of robo-signing might have violated the OCSPA. (*Id*.).

{¶36} After reviewing the record, the trial court concluded that Heft had failed to demonstrate a meritorious claim or defense. (Aug. 16, 2011 JE, Doc. No. 95). The trial court found that Heft never actually alleged that robo-signing occurred in this case, and that Heft's only evidence in support of his allegations was newspaper articles, which would not be proper evidence in trial. (*Id*.).

**{¶37}** The trial court did not abuse its discretion by denying Heft's Civ.R. 60(B) motion. To begin with, throughout the legal proceedings, Heft has never denied that he defaulted on his mortgage payments. Aside from that, Heft never actually alleged that *his* mortgage documents were robo-signed, only that they *might have* been robo-signed, and the only "evidence" Heft submitted in support of this allegation was three newspaper articles concerning Cottrell's admission that she robo-signed some mortgage foreclosure documents while working for Chase. (Doc. No. 95, attached). However, "[a] newspaper article alone is not evidence of operative facts which might support a Civ.R. 60(B) motion." *Salem v. Salem*, 61 Ohio App.3d 243, 246, 572 N.E.2d 726 (9th Dist. 1988). Additionally, since Heft was not a party to the assignment of mortgage, he lacks standing to challenge its validity; and therefore, the assignment's validity cannot serve Heft as a meritorious defense or claim for purposes of his Civ.R. 60(B) motion. *Bridge v. Aames Capital Corp.*, Case No. 1:09 CV 2947 (N.D. Ohio 2010), citing *Rogan v. Bank One*, 457 F.3d 561 (6th Cir. 2006). Since Heft's allegations of robo-signing were speculative and supported by generally related newspaper articles only, and Heft lacks standing to challenge the validity of the assignment anyway, we cannot conclude that the trial court abused its discretion by denying his Civ.R. 60(B) motion. Heft's argument that Chase may have violated the OCSPA also lacks merit since it is dependent upon Heft's same speculative allegations of robo-

signing. Finally, Heft's argument that the trial court lacked subject matter jurisdiction is also without merit. "'[S]tanding,' as the term has been used in regard to the 'real party in interest' requirement of Civ.R. 17, does not challenge a court's subject matter jurisdiction." *BAC Home Loans Servicing, L.P. v. Cromwell*, 9th Dist. No. 25755, 2011-Ohio-6413, ¶ 8, citing, *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998); *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 194 Ohio App.3d 644, 2011 Ohio-2681, 957 N.E.2d 790, ¶ 69 (2nd Dist.).

{¶38} Heft's first and sixth assignments of error are, therefore, overruled.

{¶39} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**